12126

TIMMONS v. SOUTHERN RAILWAY CO.

(136 S. E., 27)

1. RAILROADS—RAILROAD'S FAILURE TO GIVE STATUTORY SIGNALS AT CROSS-ING IS "NEGLIGENCE PER SE" (CIV. CODE 1922, § 4903).—Under Civ. Code 1922, §4903, failure on part of railroad company to give statutory signals by bell or whistle at public crossing constitutes "negligence per se."

2. RAILROADS—GROSS OR WILLFUL CONTRIBUTORY NEGLIGENCE DEFEATS RECOVERY AGAINST RAILROAD FAILING TO GIVE STATUTORY CROSSING SIGNALS (CIV. CODE 1922, § 4925).—Under Cive. Code 1922, § 4925, gross or willful contributory negligence will defeat recovery against railroad failing to give statutory signals at public crossing.

3. RAILROADS—WHETHER PEDESTRIAN STRUCK BY TRAIN AT CROSSING WAS GUILTY OF GROSS OR CONTRIBUTORY NEGLIGENCE HELD FOR JURY.—Whether pedestrian struck by train at public crossing was guilty of gross or contributory negligence *held* issue of fact for jury.

Before WHALEY, J., Richland, May, 1925. Affirmed.

Action by Jake T. Timmons against the Southern Railway Company. Verdict for plaintiff, and, from the denial of a motion for a directed verdict as to actual damages and for a new trial, defendant appeals.

*Messrs. Frank G. Tompkins* and *Heyward Brockington,* for appellant cite: *Degree of care to be exercised by person crossing railroad track:* 131 S. C., 208; 126 S. E., 449; 121 S. C., 394; 114 S. E., 500; 120 S. C., 370; 113 S. E., 277; 94 S. C., 173; 77 S. E., 868. *Case distinguished:* 131 S. C., 208; 126 S. E., 449; 129 S. C., 427; 125 S. E., 34; 129 S. C., 391; 125 S. E., 31; 120 S. C., 370; 113 S. E., 277; 117 S. C., 519; 109 S. E., 123; 106 S. C., 123; 90 S. E., 260. *Value of negative testimony of plaintiff as to signals given by train:* 120 S. C., 483; 113 S. E., 323.

*Messrs. U. L. Rast* and *R. K. Wise,* for respondent cite: *Facts in evidence sufficient to go to the jury: Miller v. Atlantic Coast Line R. Co.,* filed September 1926. *Signals required to be given by train approaching crossing:* Civ. Code 1922, Secs. 4903 and 4925.

December 20, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

An action for damages for injuries alleged to have been received by the plaintiff through the· negligent acts of the defendant.

The plaintiff alleges that on the morning of December 18, 1925 (1924?), he was walking in an easterly direction on Tobacco street in the City of Columbia, and, while attempting to cross Tobacco Street crossing in the said city, was struck by the train of the defendant which leaves the Union Station about 3 :20 a. m., for Charleston; that he was severely injured thereby and suffered loss of time and was put to the expense of medical treatment, etc.; that the injuries sustained were due to the negligent acts of the defendant in:

"(a) Failing to keep a watchman at said crossing to notify pedestrians of the approach of trains. (b) in failing to ring bell or blow whistle to notify this plaintiff of the approach of said train. (c) In having in its employment an agent or servant who did not keep a proper lookout in order to give warning to this plaintiff of being struck by said train. (d) In failing to stop train after plaintiff was struck and render him assistance and medical aid.· (e) In failing to adopt and promulgate proper, adequate, and safe rules for the guidance and control of the manner and method of crossing said Tobacco Street, and in failing to provide signals, flagman, and necessary protection for pedestrians who were crossing said railway track. (f) In having in its employment a servant or agent who did not keep a proper lookout for pedestrians and especially this plaintiff, who was crossing said railway track, in order that some signal might be given for the approach of said train."

The defendant answered by a general denial, and interposed the defense of contributory negligence on the part of the plaintiff.

The case was tried in the county Court for Richland County before Judge Whaley and a jury. The defendant made a motion for a directed verdict upon the ground that the uncontradicted testimony showed that the plaintiff was guilty of gross, or at least contributory, negligence in not looking for trains before entering upon the crossing at which he claims to have been injured. The motion was granted as to punitive damages but denied as to actual damages. After verdict for the plaintiff, the defendant made a motion for a new trial upon similar grounds which motion was refused.

The appeal is from the trial Judge's refusal to grant the motion for a directed verdict as to actual damages and for a new trial; the appellant having abandoned all other exceptions.

1, 2 It is not disputed that the crossing at which the respondent is alleged to have been injured is a public crossing. At such a place the railroad company is required to give the statutory signals by bell or whistle (Section 4903, 3 Code 1922), and failure on its part to do so is negligence *per se* (*Kell v. Railway,* 108 S. C., 390; 95 S. E., 64; *Callison v. Railway Company,* 106 S. C., 123; 90 S. E., 260); but gross or willful contributory negligence, though not mere want of ordinary care, will defeat a recovery (Section 4925, 3 Code 1922.)

Keeping in mind these principles, we shall now examine the testimony adduced in the case, for the purpose of determining whether appellant's exceptions are based upon meritorious grounds.

3 The plaintiff alone testified on his own behalf as to the alleged facts on his injuries at the crossing.

He testified that he had been in the government hospital at Tuskegee, Ala., and was on his way to his home at Eastover, where his wife and children lived; that he had the money in his pocket to pay his way, and, if he did not

have the money, the Red Cross gave him a ticket all the way home; that on the night in question, December 18, 1924, he arrived at the Union Station in Columbia on his way home; that he could not get a train out at that hour, which was late at night, to his home, so left the Union Station and went down Rice Street to Sumter Street, and turned down same, passing under the railroad trestle, down to Tobacco Street, up which he turned in an easterly direction, intending to go to his father-in-law's house on Wheeler's Hill; that just as he was attempting to cross the railway track at Tobacco Street crossing he was struck by one of defendant's trains and was knocked down and severely injured. He further testified that it was a rainy, dark night; that before entering upon the crossing he took the precaution to look in both directions to see if he could discover any train; that he saw no headlights and heard no whistle blow or bell ring; that there was no light thrown upon the crossing by the approaching train; and that the train was upon him before he saw or heard it.

It was testified on behalf of the appellant that the night was not rainy but clear. The engineer testified that he "was seated on the right-hand side of the engine, keeping a strict lookout"; that his headlights were burning, and that he could see 250 yards or more ahead on the track; that in going around from the Union Station to Tobacco Street he saw no one on the track, and if any one had been on the track he would have seen him. The statements of the engineer were corroborated, in whole or in part, by the fireman, who also testified that a signal was given for the crossing by the ringing of the bell. It is admitted that there is a sharp curve in the railroad on the approach from the Union Station to the Tobacco Street crossing.

Under the conflicting testimony adduced, the trial Judge could not say as a matter of law that the appellant was not liable, and the question of such liability resolved itself

into an issue of fact, which was properly submitted to the jury. The respondent's testimony, if believed by the jury, was sufficient to support their verdict, and the trial Judge committed no error of law in refusing a new trial.

All exceptions are overruled, and the judgment of the circuit Court is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, and BLEASE, and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.