22049

AmVETS POST 100, Respondent, v. The RICHLAND COUNTY COUNCIL, Richland County Sheriff Frank Powell and T. I. Maupin, as County Administrator, Appellants. AmVETS POST 74, Respondent, v. RICHLAND COUNTY COUNCIL and T. I. Maupin, Richland County Administrator, Appellants.

(313 S. E. (2d) 293)

Supreme Court

*Lee K. Crosland,* Columbia, *for respondent AmVets Post 100.*

*S. Jahue Moore,* West Columbia, *for respondent AmVets Post 74.*

*J. Lewis Cromer, County Atty.* and *C. Dennis Aughtry, Asst. County Atty.,* and *Randall M. Chastain,* Columbia, *for appellants.*

Heard Jan. 24, 1984.

Decided Feb. 28, 1984.

GREGORY, Justice:

These actions for declaratory judgment were brought by respondents AmVets Post 100 and AmVets Post 74 to determine the validity of a Richland County bingo ordinance. The circuit judge held the ordinance was invalid because the State had pre-empted the regulation of bingo, thus, any additional regulation by the county would directly conflict therewith and because it was repugnant to State law. We reverse.

In January of 1981, appellant Richland County Council enacted an ordinance requiring, among other things, that an organization conducting bingo be chartered as a charitable organization for three years prior to its application for a permit to conduct bingo in Richland County. Respondents, who had been conducting bingo prior to the ordinance, were denied permits because they had not been chartered by the State as charitable organizations for three years. Respondents were not required by State law to be chartered in South Carolina as charitable organizations because they were chartered by the United States Congress as non-profit organizations.

Respondents brought separate actions seeking a declaration that the ordinance was invalid. The circuit judge held the ordinance invalid on the basis that the State had pre-empted the field of regulation of bingo and that any ordinance which further regulated bingo was repugnant to the State law and void.

In June of 1982, S. C. Code Ann. § 12-21-2590 (Cum. Supp. 1983) was enacted. The language of the statute clearly indicates the legislature contemplated further regulation of bingo by counties and municipalities: "No license shall be issued unless such person or organization is in compliance with all county or municipal ordinances in regard to bingo." Section 12-21-2590 has therefore rendered moot the issue concerning pre-emption of the regulation of bingo by the State.

Finding the State has not pre-empted the regulation of bingo, the question arises whether the ordinance conflicts with the general law concerning bingo.

The Richland County ordinance does not prohibit the operation of bingo, but only requires that organizations conducting the game be chartered by the State as charitable organizations for three years before applying for a permit to conduct bingo. The statutes regulating bingo have no such requirement. See §§ 52-17-10 through 52-17-60 of the Code.

> *In order that there be a conflict between a state enactment and a municipal regulation both must contain either express or implied conditions which are inconsistent and irreconcilable with each other. Mere differences in detail do not render them conflicting. If either is silent where the other speaks there can be no conflict between them. . . .*
>
> . . . .
>
> *Merely because a municipal ordinance is not as broad as the statute does not render it so inconsistent as to make it void.*

*McAbee v. Southern Ry. Co.*, 166 S. C. 166, 164 S. E. 444, 445 (1932) (Quoting 43 C. J. 218-220).

"The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription." *City of Charleston v. Jenkins*, 243 S. C. 205, 133 S. E. (2d) 242, 244 (1963) (quoting 37 Am. Jur. *Municipal Corporations* § 165).

We find the ordinance creates no conflict with the bingo statutes because the statutes do not limit the requirements to their own prescription.

Accordingly, the order of the circuit judge is reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.