23286

The TOWN OF HILTON HEAD ISLAND, South Carolina, Respondent v. FINE LIQUORS, LTD., and The State of S.C. Alcoholic Beverage Control Commission, Defendants, of which Fine Liquors, Ltd. is Appellant.

(397 S.E. (2d) 662)

Supreme Court

*James H. Moss* and *H. Fred Kuhn, Jr.*, of *Moss, Dore, Kuhn and McIntyre*, Beaufort, *for appellant.*

*Frank L. Valenta*, of *ABC Com'n General Counsel*, Columbia, and *Curtis L. Coltrane*, of *Gray, Griffis, Wilson and Coltrane*, Hilton Head Island, *for respondent.*

Heard Sept. 26, 1990.

Decided Oct. 22, 1990.

HARWELL, Justice:

Appellant Fine Liquors appeals from the master-in-equity's decision upholding the validity of a Town of Hilton Head (Town) ordinance which prohibits the use of internally illuminated signs which are visible from any public right of way or beach. The issues involved are: whether the ordinance conflicts with statutory provisions; whether the ordinance was a reasonable exercise of the Town's police power; and whether the ordinance is constitutional under the equal protection clause. We affirm the order of the master-in-equity.

The Town seeks to enjoin Fine Liquors from using four internally lit "red dot" signs at its business in violation of a Town ordinance. The ordinance prohibits internally illuminated signs which are visible from any public right of way or beach. Code of the Town of Hilton Head, § 16-7-1015(25) (1983). Fine Liquors contends that the ordinance conflicts with two statutory provisions.

Fine Liquors first argues that the ordinance conflicts with S.C. Code Ann. § 61-5-190 (1990), which provides in part, that the "South Carolina Alcoholic Beverage Control Commission is the sole and exclusive authority empowered to regulate the operation of all retail locations authorized to sell beer, wine, or alcoholic beverages." Fine Liquors contends that this exclusive grant of authority to the ABC Commission to regulate the operation of liquor stores demonstrates that the legislature intended to pre-empt the field, thereby precluding municipalities from passing any ordinance affecting the operation of liquor stores. This contention is without merit.

We do not interpret the language of the statute as diminishing the power conferred upon local governments to regulate land use. The Town ordinance is a part of the Town of Hilton Head Island Land Management Ordinance and is thus clearly a land use ordinance. We agree with the other jurisdictions that have addressed this issue and have determined that in order to pre-empt an entire field, an act must make manifest a legislative intent that no other enactment may touch upon the subject in any way. *See City of Virginia Beach v. Virginia Restaurant Assoc., Inc.*, 231 Va. 130, 341 S.E. (2d) 198 (1986) (provision of Alcoholic Beverage

Control Act prohibiting ordinances regulating alcoholic beverages did not operate to prohibit city from imposing a tax on alcoholic beverages); *City of Norfolk v. Tiny House, Inc.*, 222 Va. 414, 281 S.E. (2d) 836 (1981) (Alcoholic Beverage Control Act does not prevent local governments from regulating land use pursuant to zoning statutes). We hold that the ordinance is not rendered invalid by Section 61-5-190 (1990).

Fine Liquors also argues that the ordinance is in conflict with S.C. Code Ann. § 61-3-1000 (1990) which states that "[r]ed dots not exceeding thirty-six inches in diameter may be placed on each side of the building and on the rear and front of the building." The statute is completely silent on the issue of internal illumination of the red dots. As a general rule, "additional regulation to that of State law does not constitute a conflict therewith." *Arnold v. City of Spartanburg*, 201 S.C. 523, 536, 23 S.E. (2d) 735, 740 (1943). Further, in order for there to be a conflict between a state statute and a municipal ordinance "both must contain either express or implied conditions which are inconsistent or irreconcilable with each other. Mere differences in detail do not render them conflicting. If either is silent where the other speaks, there can be no conflict between them. Where no conflict exists, both laws stand." *McAbee v. Souhern Rwy, Co.*, 166 S.C. 166, 169-170, 164 S.E. 444, 445 (1932). *See also Amvets Post 100 v. Richland County Council*, 280 S.C. 317, 313 S.E. (2d) 293 (1984); *Simmons v. City of Columbia*, 280 S.C. 163, 311 S.E. (2d) 732 (1984). Here, the statute and the ordinance are not inconsistent; the statute is silent on the issue of illumination. We find no conflict between these provisions.

Fine Liquors next argues that the Town's ordinance is invalid as it is an improper exercise of the Town's police power. We disagree. Municipalities have a broad grant of power to enact ordinances "respecting any subject as shall appear to them necessary and proper for the security, general welfare and convenience of such municipalities." S.C. Code Ann. § 5-7-30 (1976). The stated purpose of the ordinance is to promote safety and aesthetics and to enhance and preserve the unique natural environment of Hilton Head Island. Code of Town of Hilton Head Island, § 16-7-1002 (1983).

Further, a presumption of validity attaches to all legislation, especially legislation relating to police powers. *Casey v. Richland County Council*, 282 S.C. 387, 320 S.E. (2d) 443 (1984). The exercise of police power is subject to judicial correction only if the action is arbitrary and has no reasonable relation to a lawful purpose. *Atlantic Coast Line Railroad Co. v. S.C. Public Service Comm.*, 245 S.C. 229, 139 S.E. (2d) 911 (1965). We agree with the master-in-equity that the ordinance is a reasonable exercise of the Town's police powers in that it seeks to protect the unique aesthetics of Hilton Head Island. *See Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 104 S. Ct. 2118, 80 L. Ed. (2d) 772 (1984) (state may legitimately exercise its police powers to advance aesthetic values); *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 101 S. Ct. 2882, 69 L. Ed. (2d) 800 (1981) (aesthetics is a substantial government interest).

Fine Liquors also asserts that the ordinance violates the equal protection clauses of the State and Federal Constitutions. Fine Liquors argues that the classification of those who use internally illuminated signs and those who use externally illuminated signs into two classes, bears no reasonable relation to a legitimate legislative interest. The "requirements of equal protection are satisfied if (1) the classification bears a reasonable relation to the legislative purpose sought to be effected; (2) the members of the class are treated alike under similar circumstances and conditions; and (3) the classification rests on some reasonable basis." *Doe v. American Red Cross Blood Services*, 297 S.C. 430, 437, 377 S.E. (2d) 323, 327 (1989). The determination of whether a classification is reasonable is initially one for the legislative body and will be sustained if it is not plainly arbitrary and there is any reasonable hypothesis to support it. *Robinson v. Richland County Council*, 293 S.C. 27, 358 S.E. (2d) 392 (1987). Fine Liquors has not presented any evidence showing that the ordinance is not reasonably related to the legislative purpose of promoting aesthetics, that the members of the class have been treated differently, or that the classification is unreasonable. We affirm the order of the master-in-equity, finding no evidence of an equal protection violation.

Fine Liquors' fourth argument need not be addressed since its equal protection argument is rejected. Fine Liquors con-

cedes its last argument is moot, so we need not address it either. The order of the master-in-equity is

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.