486 S.E.2d 740

**Imogene H. WRIGHT, Appellant,**

v.

**RICHLAND COUNTY SCHOOL DISTRICT TWO, Respondent.**

No. 24637.

Supreme Court of South Carolina.

Heard Feb. 19, 1997.

Decided June 23, 1997.

J. Thomas Falls, Jr., of Garris & Falls, Columbia, for appellant.

Kenneth L. Childs, David T. Duff, and John R. Delmore, of Childs & Duff, P.A., Columbia, for respondent.

WALLER, Justice:

Imogene Wright (Wright) appeals an order of the circuit court finding she is not entitled to a lump sum retirement

incentive bonus offered by Respondent, Richland County School District Two (District). We affirm.

## FACTS

In 1993, as part of the Appropriations Act, the Legislature enacted Proviso 17P.6 (Proviso), giving South Carolina public employers the option of adopting a one-time retirement incentive bonus. It provides, in pertinent part:

[A]ny ... school district ... may elect to offer a one-time lump sum payment of 25% of the employee's budgeted base salary or $7500 whichever is greater at the time of retirement.... Eligible employees must make a voluntary but irrevocable election no earlier than August 1, 1993 and no later than November 1, 1993 to retire from their permanent positions. The date of retirement can be no later than July 1, 1994.... Employees who occupy slotted positions and who meet one or more of the following criteria are eligible for the one-time lump sum incentive: 1) have established ... 30 years of service credit ... or have attained the age of 65; 3) have attained age 60 (reduced 5% penalty for each year under 65); 4) have attained age 55 and have established ... 25 years of service credit ... (reduced 4% for each year of service under 30).[1]

On September 14, 1993, District voted to adopt the retirement incentive plan for the 1993–94 school year with the added requirement that all employees work through the school year to be eligible.[2] The following day, District wrote a memorandum to all employees informing them of adoption of the plan and stating: "[P]lease understand that your retirement begins at the end of your 1993–94 work year. Employ-

---

1. Act No. 164, 1993 S.C. Acts 679–680. The Proviso further provides that eligible contract employees who make the voluntary retirement decision during the election period and who subsequently break their contract to retire are ineligible for the retirement incentive payment.

2. District adopted this restriction to treat all employees (i.e., contract and at-will) equally and to avoid disruptions caused by midyear retirements. The testimony is uncontradicted that District would not have adopted the plan without this additional requirement.

ees who choose to retire prior to that time will be ineligible for the monetary incentive." [3]

Wright, an at-will employee of District, retired on October 1, 1993, not having completed the 1993–94 school year.[4] When District refused to pay the retirement incentive, she instituted this suit. The circuit court held Wright was not entitled to the bonus, having failed to work through the school year.

## ISSUE

The sole issue on appeal is whether District's retirement incentive plan is consistent with state law?

## DISCUSSION

Wright contends District's plan is inconsistent with the express and implied terms of state law, i.e., the Proviso. We disagree.

S.C.Code Ann. § 59–19–110 (1990) authorizes school districts to "prescribe such rules and regulations not inconsistent with the statute law of this state as they may deem necessary or advisable to the proper disposition of matters brought before them." There is little case law in this state interpreting precisely when a school district's rules and regulations are "inconsistent" with state law. *See Kizer v. Dorchester County,* 287 S.C. 545, 340 S.E.2d 144 (1986) (recognizing that school districts may not enter agreements which are inconsistent with state law). However, in an analogous context, we have recognized that a municipal ordinance or regulation conflicts with state law only if its conditions are inconsistent or irreconcilable with state law. *See Town of Hilton Head v. Fine Liquors, Ltd.,* 302 S.C. 550, 397 S.E.2d 662 (1990). *See also Hospitality Association v. County of Charleston,* 320 S.C. 219,

3. At the end of the 1992–93 school year, when faced with inquiries from 15–20 prospective retirees as to whether they would be eligible for the proposed retirement bonus if they continued to work into the next school year, District informed them that, if adopted as proposed, the plan would require eligible employees to work the entire 1993–94 school year. At oral argument before this Court, District asserted that a number of employees retired at the end of the 1993 school year in reliance upon this advice.

4. It is undisputed that Wright otherwise met the requirements for the incentive.

464 S.E.2d 113 (1995); *AmVets Post 100 v. Richland County Council,* 280 S.C. 317, 313 S.E.2d 293 (1984); *Simmons v. City of Columbia,* 280 S.C. 163, 311 S.E.2d 732 (1984); *City of Charleston v. Jenkins,* 243 S.C. 205, 133 S.E.2d 242 (1963); *Arnold v. City of Spartanburg,* 201 S.C. 523, 23 S.E.2d 735 (1943); *McAbee v. Southern Ry. Co.,* 166 S.C. 166, 164 S.E. 444 (1932); *City Council of Greenville v. Kemmis,* 58 S.C. 427, 36 S.E. 727 (1900). In *McAbee v. Southern Ry. Co., supra,* we stated:

> In order that there be a conflict between a state enactment and a municipal regulation both must contain either express or implied conditions which are inconsistent and irreconcilable with each other.... **If either is silent where the other speaks, there can be no conflict** between them. Where no conflict exists, both laws stand.
>
> As a general rule, **additional regulation to that of the State law does not constitute a conflict therewith** ... **Merely because a municipal ordinance is not as broad as the statute does not render it so inconsistent as to make it void.**

166 S.C. at 169–70, 164 S.E. at 445 (quoting; 43 C.J.S. *Municipal Corporations* §§ 218–20 (1927)(emphasis supplied)). *McAbee* involved a state statute which permitted trains entering intersections to sound either a whistle or a bell. A City of Union ordinance, however, prohibited blowing a whistle in the city. Notwithstanding the statute was broader in its application, we found no inconsistency and upheld the local ordinance. Similarly, in *City of Charleston v. Jenkins, supra,* we recognized:

> [t]he mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements.... The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription.

243 S.C. at 211, 133 S.E.2d at 244. *See also Arnold v. City of Spartanburg, supra* (mere differences in detail do not render provisions conflicting); *AmVets Post 100 v. Richland County Council, supra* (fact that ordinance requires more than statute creates no conflict, unless the statute limits the requirement for all cases to its own prescription).

Here, District's additional requirement merely imposes an additional regulation in an area in which the Proviso is silent. The additional requirement does not alter the eligibility requirements; it merely imposes one further requirement on eligible employees.[5] Further, nothing in the Proviso limits itself to its own terms. On the contrary, had the Legislature intended to limit the Proviso to its terms, it could have created a mandatory retirement incentive plan by statute, limiting its application to the statutory terms; instead, it gave districts the option of adopting the plan as they deemed fit.

We find District's additional requirement that employees work through the 1993–94 school year is neither inconsistent nor irreconcilable with the Proviso. Accordingly, we affirm the circuit court's ruling that Wright was not eligible for the incentive.

**AFFIRMED.**

FINNEY, C.J.,and TOAL, MOORE and BURNETT, JJ., concur.

---

**5.** Contrary to Wright's assertion, the additional requirement did not alter her at-will employment status; it merely required her to work through the 1993–94 school year to receive the bonus. She remained free to retire at any time she chose.