515 S.E.2d 521

**WRENN BAIL BOND SERVICE, INC., Appellant,**

v.

**CITY OF HANAHAN, Respondent.**

No. 24931.

Supreme Court of South Carolina.

Submitted March 16, 1999.
Decided April 5, 1999.

Grover C. Seaton, III, of Seaton & Manley, P.C., of Moncks Corner, for appellant.

James J. Hinchey, Jr., of Haynsworth, Marion, McKay & Guerard, L.L.P., of Charleston, for respondent.

MOORE, Justice:

Appellant Wrenn Bail Bond Service, Inc. (Wrenn) commenced this action challenging respondent City of Hanahan's (City's) imposition of a $120.00 business license fee. The trial judge held City properly imposed the fee. We reverse.

## FACTS

Wrenn's business office is located in Moncks Corner. On April 1, 1997, Wrenn contracted with a resident of City (Prisoner) who had been arrested in City and was incarcerated in the Berkeley County Jail located outside City's limits. Prisoner was charged with violating a State law. City's municipal court[1] set the amount of surety bond to obtain his release. Because the required surety form was not available at the jail, Wrenn had to obtain a copy from City's Clerk of Court. Before releasing the form, City insisted Wrenn pay a $120.00 fee pursuant to its business license ordinance. The ordinance applies to enumerated businesses including bail bond services. Wrenn paid the fee under protest.

---

1. A municipal court has concurrent jurisdiction with the magistrate's court to set bond in criminal cases arising under State law. *See* S.C.Code Ann. § 14–25–45 and § 15–5–510 (Supp.1998).

Wrenn then commenced this action challenging the validity of the ordinance as to bail bondsmen and its application in this instance. The trial judge found the ordinance valid and upheld its application to Wrenn. Wrenn appeals.

## ISSUES

1. Does State law preempt business licensing for bail bondsmen?

2. Does one instance constitute doing business?

## DISCUSSION

### 1. Preemption

■ Wrenn contends State law has preempted licensing of bail bondsmen and the business license ordinance is therefore invalid to the extent it includes them. We disagree.

■ In order to preempt an entire field, a State law must make manifest a legislative intent that no other enactment may touch upon the subject in any way. *Town of Hilton Head Island v. Fine Liquors, Inc.*, 302 S.C. 550, 397 S.E.2d 662 (1990). Under State law, Title 38, Chapter 53 ("Insurance") regulates the professional licensing of bail bondsmen and their runners.[2] Section 38-53-80 specifically states that "[no] license may be issued to a professional bondsman or runner except as provided in this chapter."

It is clear from the plain language of § 38-53-80 that the legislature intended to preempt the entire field of professional licensing for bail bondsmen. City's ordinance, however, does not touch on professional licensing at all. It provides:

Every person engaged or intending to engage in any calling, business, occupation or profession listed in the rate classification index portion of this ordinance, in whole or in part, within the limits of the City of Hanahan, South Carolina, is required to pay an annual license fee and obtain a business license as herein provided.

---

2. *See* S.C.Code Ann. § 38-53-80 (Supp.1998) (requiring a license); § 38-53-90 (Supp.1998) (general qualifications); § 38-53-130 (Supp. 1998) (written examination); §§ 38-53-100 and -105 (Supp.1998) (annual license fees).

The ordinance sets forth no qualifications for bail bondsmen. It simply requires payment of a fee for the privilege of doing business within City limits.

 Where an ordinance is not preempted by State law, the ordinance is valid if there is no conflict with State law. *Barnhill v. City of North Myrtle Beach,* 333 S.C. 482, 511 S.E.2d 361 (1999). In order for there to be a conflict between a State law and a municipal ordinance, both must contain either express or implied conditions that are inconsistent and irreconcilable with each other. If either is silent where the other speaks, there is no conflict. *Id.; Wright v. Richland County Sch. Dist. Two,* 326 S.C. 271, 486 S.E.2d 740 (1997); *Fine Liquors, supra.* City's ordinance is silent regarding professional qualifications for bail bondsmen.

Accordingly, we conclude the State professional licensing statutes are not irreconcilable with City's business license ordinance which does not attempt to regulate a bail bondsman's professional conduct. Since there is no conflict with State law, the trial judge properly found the business license ordinance valid.

## 2. Doing business

 Wrenn contends that even if the ordinance is valid as to bail bondsmen, the ordinance does not apply under the facts of this case.

Generally, the determination whether a party is "doing business" in a certain jurisdiction is dependent upon the facts of each case. *See Sanders v. Columbian Protective Ass'n,* 208 S.C. 152, 37 S.E.2d 533 (1946). We find the facts in this case do not support imposition of the business license fee.

The only fact connecting City with the actual transaction between the parties is that Wrenn provided a service to one of its residents which City argues constitutes doing business under the business license ordinance. In *Pee Dee Chair Co. v. City of Camden,* 165 S.C. 86, 162 S.E. 771 (1932), this Court held a single act does not constitute doing business for purposes of a business license fee where there are no facts to indicate it is not an isolated instance but an intention to engage in business. We find nothing in this record to indicate Wrenn's intent to engage in a continuing business as bail

bondsman for residents of City. Accordingly, the trial judge's ruling upholding imposition of the business license fee in this case is

**REVERSED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.