**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Marie Assa'ad-Faltas, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2018-001290

---

**ON WRIT OF CERTIORARI**

---

Appeal from Richland County
The Honorable Jean Hoefer Toal, Acting Circuit Court Judge

---

Memorandum Opinion No. 2020-MO-004
Submitted January 15, 2020 – Filed February 19, 2020

---

**REVERSED**

---

Assistant Attorney General Johnny Ellis James, Jr., of Columbia, for Petitioner.

Appellate Defender Jessica M. Saxon, of Columbia, for Respondent.

---

**PER CURIAM:**    The State seeks a writ of certiorari from an order of the circuit

court granting Respondent's application for post-conviction relief (PCR). We grant the petition, dispense with further briefing, and reverse.

The City of Columbia (the City) cited Respondent for violating various city ordinances in relation to (1) the accumulation of rubbish, garbage, leaves, trash, and debris on her residential property; (2) the outdoor placement of prohibited items; and (3) the failure to clean up the property and remove the prohibited items. The municipal court found Respondent guilty as cited and sentenced her to thirty days in jail. The circuit court affirmed Respondent's conviction and sentence. The court of appeals dismissed Respondent's notice of appeal due to her failure to obtain required counsel.

Following the denial of her petition for rehearing by the court of appeals, Respondent filed an application for post-conviction relief (PCR). The PCR court granted relief after finding Respondent's trial counsel provided ineffective assistance in failing to argue the definition of "rubbish" contained in Department of Health and Environmental Control (DHEC) regulations preempted the definition of "rubbish" contained in the City's ordinances. The State sought a writ of certiorari to review the PCR court's decision.

Respondent's argument that the City's definition of rubbish is preempted by DHEC's definition is without merit. The City's ordinances were adopted pursuant to state statute and are not preempted by DHEC regulations. *See* S.C. Code Ann. § 6-9-60 (2004 & Supp. 2019); *Town of Hilton Head Island v. Fine Liquors, Ltd.*, 302 S.C. 550, 553, 397 S.E.2d 662, 664 (1990) ("[F]or there to be a conflict between a state statute and a municipal ordinance 'both must contain either express or implied conditions which are inconsistent or irreconcilable with each other. Mere differences in detail do not render them conflicting. . . . Where no conflict exists, both laws stand.'" (quoting *McAbee v. S. Ry. Co.*, 166 S.C. 166, 169-170, 164 S.E.2d 444, 335 (1932))). Further, there is no evidence the General Assembly intended DHEC's definition of rubbish to preempt the field of residential property maintenance or municipal code enforcement in regard to rubbish, and Respondent fails to identify any authority demonstrating intended or actual preemption in this area. *See Bugsy's v. City of Myrtle Beach*, 340 S.C. 87, 94, 530 S.E.2d 890, 893 (2000) (stating that to preempt an entire field, "an act must make manifest a legislative intent that no other enactment may touch upon the subject in any way"). Accordingly, trial counsel was not deficient in failing to raise this argument. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating in order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove (1) counsel's performance was deficient and (2) that deficient performance prejudiced

the applicant's case).  Therefore, the PCR court's decision finding trial counsel ineffective in failing to present the preemption argument at trial is reversed, and the municipal court conviction is reinstated.

**REVERSED**.

**KITTREDGE, Acting Chief Justice, HEARN, FEW and JAMES, JJ., concur.
BEATTY, C.J., not participating.**