8637

SIMPSON *v.* COX.

1. USURY—NOTES.—The maker of a note cannot set up the plea of usury in a suit by the payee of the third renewal for usurious interest paid to the bank which discounted the second renewal and received the usurious interest.

2. EXCEPTIONS.—Under an exception alleging error in finding so much due as principal, so much as interest and so much as attorney's fees on a note because so much was not due, the point that a note of payee should not have been adjudged to be secured by the mortgage in issue should not be considered.

*The office and form of exceptions stated.*

Before PRINCE, J., Anderson, August, 1912. Affirmed.

Action by W. A. Simpson against J. F. Cox, Lipscomb & Russell Co. and R. E. Allen Bro. Co. Defendant, Cox, appeals.

*Messrs. Martin, Greene & Earle,* for appellant, cite: *Mortgage cannot be held for debt or renewals not covered*

*by its terms:* 20 Ency. 963, 925; 27 Cyc. 1073-4, 1655. *Defense of usury:* 77 S. C. 141; 39 Cyc. 1002-3; 2 McC. 176; 3 Brev. 54.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *Exception not made below will not be considered here:* 93 S. C. 61; 92 S. C. 418, 105, 123, 14. *Usury paid in an executed contract cannot be set up against another debt:* 77 S. C. 141; 62 S. C. 178; 67 S. C. 553; 37 S. C. 59.

August 16, 1913. The opinion of the Court was delivered by

Mr. Justice Hydrick. On July 31, 1908, the defendant, Cox, gave plaintiff his note for $2,300, payable six months after date, and secured same by mortgage. Plaintiff discounted the note at the Farmers Bank of Williamston. Defendant made several payments on the note at the bank, and, on April 24, 1909, renewed it for $1,341.09, due six months thereafter, plaintiff endorsing the renewal. On November 15, 1909, the Farmers Bank of Williamston demanded payment. Defendant having failed to pay it, plaintiff agreed that if the bank would have defendant execute a renewal note for the amount due, he would endorse it and get the Bank of Piedmont to discount it. At that time, Cox owed the Farmers Bank of Williamston another note for $75, which was, by consent of the parties, included in the renewal note, which was discounted by the Bank of Piedmont. Defendant having failed to pay this last note at maturity, plaintiff paid it to the bank, and brought this action for foreclosure.

The answer set up the following defenses: A general denial; partial failure of consideration; usury, and a counterclaim for usurious interest paid.

The referee found against all the defenses and reported the amount due as alleged in the complaint. On exceptions to the report, only two questions were argued to the Court,

to wit: that the referee erred (1) in not sustaining the plea of usury; and (2) in including the $75 note in the mortgage debt.

The Court held that the last note was usurious, because discount at the rate of eight per cent. per annum was added to its face, when, by its terms, it was to bear only straight interest at that rate, and decreed accordingly. But with regard to defendant's contention, that the first renewal note was also usurious for the same reason, the Court held, that, as the transaction was entirely between the defendant and the Farmers Bank of Williamston, the plaintiff getting none of the usurious interest charged by the bank on that renewal, and having nothing to do with it, except to endorse the renewal note, which was again voluntarily renewed by the defendant, the transaction was an executed one, and even though that renewal note was usurious, the plea of usury therein could not avail the defendant against the plaintiff.

Upon this point, we agree with the Circuit Court. With regard to that renewal, the defendant is in the same position he would have been if he had paid the note at maturity. In that event, he would have had no cause of action against the plaintiff, who did not receive any usurious interest, or any benefit thereof. On the other hand, if plaintiff had been allowed to recover in this action according to the face of the last renewal note, he would have received the benefit of usury therein.

The Court refused to consider the assignment of error in including the $75 note in the mortgage debt, on the ground that none of defendant's exceptions properly raised that question, holding that defendant's fifth exception, which was alone relied upon for that purpose, was too general. That exception was as follows: "Error of said special referee on finding as a matter of fact and so reporting the amount to be due plaintiff on said debt to be fourteen hundred and ninety dollars principal and one hun-

dred and forty-nine dollars interest plus attorney's fee, it being shown by the preponderance of the testimony that the amount due plaintiff is not so much as that amount and said special referee committed error in concluding that plaintiff is entitled to judgment of foreclosure against the defendant, Cox, for such amount.

We agree with the Circuit Court in holding that this exception was too general. The office of an exception is to point out—specify—the error complained of. Turning to the exception, we find that it assigns error in finding $1,490 principal, and $149 interest, and attorney's fees to be due, on the ground that so much was not due. Now, how could the Court or opposing counsel tell from the exception what the error complained of was? Was it in the principal, or in the interest, or in the attorney's fees? If the latter, whether the amount was too great, or whether the contention was that nothing at all was recoverable? Or, was it because of an error in calculation of interest, or because of the claim that one of the defenses set up should have been sustained; and, if the latter, which one? And why? For error of law or of fact? Any one or all of the matters mentioned could have been argued under the general language of the exception, as well as the point that the amount of the $75 note could not have been legally found to be a part of the debt secured by the mortgage, which shows conclusively that the exception did not *specify* the error complained of, which it is always easy to do, in a few words and without repetition, when one has clearly outlined in his own mind the assignment of error which he desires to bring to the attention of the Court. In this case, it would have been sufficient to say that the referee erred "in including in the amount found to be due on the mortgage debt the amount of defendant's note for $75 to the Farmers Bank of Williamston."

The rule that exceptions must specify the errors complained of is simple and easy to comply with. It was

intended to let the Court and opposing counsel see at a
glance what points of law or fact the appellant desires the
Court to review, and it is not fair, either to the Court or
opposing counsel, to allow an appellant, by the generality of
the language of his exceptions, to so mask the questions
which he will ask the Court to review, that they can be ascer-
tained only by the aid of his own explanation of the purpose
concealed in the generality of his language, thereby, perhaps,
also allowing them to serve as a cover for an afterthought.

Keeping in mind the purpose of exceptions, it is clear that
it is rarely, if ever, necessary for them to be long or involved.
They should contain no repetition or argument.    They may
properly contain the ground or reason upon which the
assignment of error is predicated, when it is not clearly
shown or necessarily implied in the assignment itself, but
argument should be reserved for the briefs of counsel.  Each
assignment of error relied upon should be clearly and con-
cisely stated in a separate exception, so that no exception
should embrace more than one specification of error, unless it
is under proper subdivisions.   On the other hand, only one
exception should be taken to bring up the same assignment
of error.   It is scarcely worth while to waste the time and
tax the patience of the Court with a point that is so attenu-
ated that it requires to be stated in many ways to be seen and
understood.   Again, counsel sometimes file separate excep-
tions on the ground that the Court erred in refusing a non-
suit, the direction of a verdict, and a motion for a new trial,
all on the same ground.   One exception should cover them
all.   We recently heard a personal injury case in which
there were thirty-nine pages of exceptions.   Every point
made could have been fully and clearly stated within the
limits of three or four pages at most.   To classify and ana-
lyze the exceptions in such a case, in order that they may be
intelligently disposed of, is an unnecessary and vexatious
strain upon the Court and opposing counsel, and the Court
would have been warranted in dismissing the appeal, because

the exceptions were not taken in the manner prescribed by its rules. Besides, there is great danger that a single grain of wheat may be effectually concealed in so much chaff.

We take this occasion to make these observations and suggestions in the hope that, in future, exceptions, both to the Circuit Court and to this Court, will be short, clear and concise, specifying the errors complained of without circumlocution, argumentation or repetition, and that only one exception will be taken to raise the same point. Counsel may act upon these suggestions with the assurance that all objections which their exceptions specify will receive the consideration of the Court.

Judgment affirmed.