## 20414

William N. COLYER and Arnet Lewis, Appellants, v. Mildred THOMAS, Rayford Vereen, Joan White, Billie Smith, and the Mayor and Council of North Myrtle Beach, South Carolina, Respondents.

(234 S. E. (2d) 862)

*Robert W. Nixon, Esq.,* of North Myrtle Beach, *for Appellants,*

*Messrs. Albert E. Wheless,* of North Myrtle Beach, and *J. M. Long, Jr.,* of Conway, *for Respondents,*

May 3, 1977.

NESS, Justice:

The sole issue presented by this appeal is the necessity of a run-off election of the city council candidates for the Town of North Myrtle Beach. The trial court refused to compel a run-off election and we affirm.

Act No. 283 of 1975, the Home Rule Act, was approved on June 25, 1975. Pursuant to Section 6 of the Act, the Town adopted the council-manager form of government on January 20, 1976.

On March 9, 1976, a general election was conducted to elect a mayor and four councilmen. The candidates who received the highest number of votes were declared the winners, even though each only received a plurality of the ballots cast. The appellants, two unsuccessful city council candidates assert that the Home Rule Act requires a run-off election as no candidate received a majority of the votes. Article 7, Section 47-94 of the Home Rule Act

does call for a run-off election. The single question is the applicability of the Home Rule Act. Section 7 of the Act provides:

". . . until a form of government elected pursuant to Section 5 of this act becomes effective in a particular municipality, all provisions of Title 47 of the 1962 Code in effect immediately prior to its amendment by this act shall remain in full force and effect for that municipality."

Section 6 of the Act declares the effective date to be the beginning of the fiscal year following adoption of a specified form of government. The remaining two salient facts are stipulated: (1) the fiscal year of the Town of North Myrtle Beach begins on May 1; and, (2) the prior law pursuant to Title 47 of the Code authorizes election by plurality without run-off elections.

The Home Rule Act became effective as to the Town of North Myrtle Beach on May 1, 1976. The disputed election (March 9, 1976) was held almost two months prior to the effective date of the Home Rule Act. The Act's directive specifically applies Title 47 provisions to the Town's election.

Appellants further assert premature adoption of the Home Rule Act election procedures by the Town's ordinance of January 20, 1976:

*"Now, Therefore, Be It Ordained* by the Mayor and Town Council of the Town of North Myrtle Beach in council duly assembled this 16th day of December, 1975, that the Council-Manager form of government with a Mayor and four (4) councilmen to be elected at large as provided in Sections 47-80 through 47-89 of the Code of Laws of South Carolina is hereby adopted for the town of North Myrtle Beach to be effective on the 1st day of April, 1976, or as soon thereafter as prescribed by State Law."

Appellants' argument is fatally defective in at least three particulars. First, the effective date specified in the ordinance, April 1, 1976, postdates the time of the election and predates

the beginning of the new fiscal year. Secondly, the ordinance recognizes the supremacy of State Law as to the effective date in case of a conflict. Finally, and foremost, appellants' interpretation of the ordinance would blatantly contravene Section 7 of the Home Rule Act. "It is well settled that where there is a conflict between a State statute and city ordinance, as where an ordinance permits that which a statute prohibits, the ordinance is void. *Law, et al. v. City of Spartanburg*, 148 S. C. 229, 146 S. E. 12; *McAbee v. Southern Ry. Co.*, 166 S. C. 166, 164 S. E. 444; *City of Charleston v. Jenkins*, 243 S. C. 205, 133 S. E. (2d) 242." *State v. Solomon*, 245 S. C. 550, 575, 141 S. E. (2d) 818, 831 (1965), appeal dismissed, 382 U. S. 204, 86 S. Ct. 396, 15 L. Ed. (2d) 270.

Appellants finally attempt to place some significance on the fact that the election could have been held after the effective date of the Home Rule Act. Even though this consideration would have no effect on the Town's lack of authority to contravene the Act's directives, appellants are foreclosed from contesting the timing of the election for the first time at the appellate stage of the proceedings.

Affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., dissents

LEWIS, Chief Justice (dissenting) :

The Town of North Myrtle Beach adopted the council-manager form of government on January 20, 1976, pursuant to Section 6 of Act No. 283 of 1975, the Home Rule Act. It then became necessary to elect a mayor and councilmen to serve under the new form of government, and an election was held on March 9, 1976 for this purpose. The new form of government became effective on May 1, 1976, but the Home Rule Act, under which the new form of government was adopted, became effective on June 25, 1975.

The candidates who received the highest number of votes in the election on March 9th were declared the winners, even though each only received a plurality of the ballots cast.

Under the statute in effect prior to the adoption of the Home Rule Act, a declaration of the winners on the basis of a plurality of the votes would have been proper. However, the Home Rule Act, under which the mayor and councilmen were to serve, provides in Article 6, Section 47-81, that the council and mayor in a council-manager form of government "shall be elected in accordance with Article 7 of this chapter." Article 7 deals with municipal elections and Section 47-94 of that Article requires a second election to fill any office where no candidate receives a majority of the votes cast.

There can be no doubt that the election in question was held to elect a mayor and councilmen to serve in the council-manager form of government adopted under the Home Rule Act; and Article 6 plainly says that the members of council and the mayor *shall be elected in accordance with* Article 7 which requires a runoff election where no candidate receives a majority of the votes. The action of respondents in refusing to hold a second election where a candidate did not receive a majority was patently in violation of the provisions of Article 7.

It is contended however that the foregoing provisions of Article 7 were of no effect because of a further provision of the Home Rule Act which states:

". . . until a form of government elected pursuant to Section 5 of this Act becomes effective in a particular municipality, all provisions of Title 47 of the 1962 Code in effect immediately prior to its amendment by this act shall remain in full force and effect for that municipality."

In other words, it is contended that, by the quoted provision, the General Assembly intended that, in conducting elections to implement the form of municipal government

selected, the municipality should be governed by the laws previously in existence and not by the provisions of the Home Rule Act. There is no basis for such construction of the statutory provisions.

There is no inconsistency between the quoted provision and the direction that elections for mayor and council to serve under the Home Rule Act shall be elected in accordance with its provisions in Article 7. The continuance of prior statutory provisions in effect until a form of government elected under Section 5 becomes effective simply provided for continuity in municipal government. There is nothing to indicate a legislative intent that it was intended to apply so as to render ineffective other sections which plainly mandate that elections under the Home Rule Act be held in accordance with its provisions. While the particular form of government was not in effect when the election was held, the provisions of the Home Rule Act governing the holding of elections to implement the form of government elected were in effect and controlled the election here in question.

I would accordingly reverse the judgment and remand the cause to the lower court for the issuance of an order directing that the election be held in accordance with the applicable provisions of the Home Rule Act.