1313

Michael Anthony BURKE, Appellant v. Richard K. DAVIDSON, Respondent.
(380 S. E. (2d) 839)

Court of Appeals

*W. Thomas Vernon,* of *Moss, Dore & Kuhn,* Beaufort, *for appellant.*

*William B. Harvey, III,* of *Harvey & Battey,* Beaufort, *for respondent.*

Heard Feb. 20, 1989.

Decided March 27, 1989.

GOOLSBY, Judge:

In this action involving a collision between an automobile and a bicycle, Michael Anthony Burke's appeal is based upon two exceptions: *viz,* (1) "[T]he court erred in failing to rule on the applicable law governing this case prior to the submission of the same to the jury[;]" and

(2) "[T]he court erred in charging city ordinance Section 8-5001 of the City of Beaufort."

These exceptions fail to satisfy the requirements of Rule 4, Section 6 of the Supreme Court Rules. *See Simpson v. Cox*, 95 S. C. 382, 79 S. E. 102 (1913) (excellent discussion regarding what makes a good exception). Neither exception contains, as the rule requires, a complete assignment of error within itself. SOUTH CAROLINA APPELLATE PRACTICE HANDBOOK at IV-30 (1985). Although we would be justified in dismissing Burke's appeal under these circumstances, we will nevertheless consider Burke's second exception. *Ramage v. Ramage*, 283 S. C. 239, 322 S. E. (2d) 22 (Ct. App. 1984). The issue it raises is reasonably clear from his argument, and the issue was expressly ruled on by the trial court. Burke's first exception, however, is too general and vague to warrant consideration. *See Garlington v. Copeland*, 25 S. C. 41, 43 (1886) (wherein the Supreme Court held too general to be considered the exception, "Because his honor erred in making said order, which is contrary to law.").

The collision here occurred when Burke, who was riding a bicycle on a sidewalk in the City of Beaufort, ran into the side of an automobile operated by the respondent Richard K. Davidson as Davidson pulled out from a private driveway onto the sidewalk. The jury found in favor of Davidson after the trial court, over Burke's objection, instructed the jury concerning a City of Beaufort ordinance that renders it "unlawful for any person . . . to ride a bicycle at any time on any of the sidewalks of the city."

Burke contends the ordinance conflicts with the Uniform Act Regulating Traffic on Highways. CODE OF LAWS OF SOUTH CAROLINA §§ 56-5-10 *et seq.* (1976 & Supp. 1988). Because it does so, he argues, the ordinance is void and the trial court committed reversible error in charging it to the jury. *See Id.* § 56-5-30 (a statute prohibiting local authorities from enacting or enforcing any traffic ordinance in conflict with the Uniform Act Regulating Traffic on Highways); *Colyer v. Thomas*, 268 S. C. 455, 234 S. E. (2d) 862 (1977) ("It is well settled that where there is a conflict between a State statute and a city ordinance, . . . the ordinance is void."). We, however, see no conflict between the ordinance and the uniform act.

Section 56-5-710(8) of the uniform act recognizes local authorities may exercise police power to regulate "the operation of bicycles" on "streets and highways under their jurisdiction." Section 56-5-430 defines the terms "street" and "highway" as "[t]he entire width between boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. . . ." Section 56-5-480 defines the term "sidewalk" as "that portion of a street between the curb lines, or the lateral lines, of a roadway and the adjacent property lines, intended for the use of pedestrians."

Clearly, therefore, a sidewalk is part of a street or highway; thus, local authorities may enact regulations concerning the operation of bicycles on the sidewalks under their jurisdiction so long as those regulations do not conflict with the uniform act.

Burke argues the City of Beaufort's bicycle ordinance conflicts with the last paragraph of Section 56-5-3430 which prohibits bicycle riders from using a "roadway" "[w]henever a usable path for bicycles has been provided adjacent to a roadway. . . ." Burke contends a sidewalk is a "usable path for bicycles" and, as such, bicyclists must ride on a sidewalk if one is available. We disagree.

Section 56-5-3410, which like 56-5-3430 is contained in Article 27 of Chapter 5 of Title 56, expressly limits the applicability of regulations pertaining to bicycles only to those instances, subject to certain exceptions not applicable here, when "a bicycle is operated upon any highway or upon *any path set aside for the exclusive use of bicycles. . . .*" [Emphasis added]. We infer from the emphasized language of Section 56-53410 that the phrase "usable path for bicycles" used in Section 56-5-3430's last paragraph refers only to the path provided "for the exclusive use of bicycles." The phrase "usable path for bicycles," therefore, does not include a "sidewalk." A sidewalk is intended for pedestrian use and not for the exclusive use of bicycles. CODE OF LAWS OF SOUTH CAROLINA § 56-5-480 (1976).

Burke also argues that Section 56-5-3250, a statute enacted in 1977, authorizes bicyclists to ride on sidewalks. 60 STAT. Act No. 145 § 8 at 306 (1977). That statute directs the driver of a vehicle crossing a sidewalk to "yield the right-of-

way to any pedestrian and all other traffic on the sidewalk." CODE OF LAWS OF SOUTH CAROLINA § 56-5-3250 (1976 & Supp. 1988). The language "all other traffic," we recognize, may include persons on bicycles as well as on scooters, roller skates, and the like. *See* Annot., 35 A. L. R. 4th 1117 (1985) (discussion involving who is a "pedestrian" with respect to rights given and duties imposed by traffic regulations). Even so, the statute cannot be fairly read to confer upon a bicyclist the right to use a sidewalk where its use, as here, is otherwise prohibited. It merely requires a driver of a vehicle crossing a sidewalk to yield the right-of-way to all traffic on the sidewalk, including bicycles, irrespective of whether the traffic is lawfully on the sidewalk or not. *Cf.* 4 BLASHFIELD AUTOMOBILE LAW AND PRACTICE § 142.33 at 67-68 (3d ed. 1965) (a motorist owes the duty to keep a lookout for pedestrians at places other than crossings even though a municipal ordinance requires pedestrians to cross at street intersections).

Inasmuch as the City of Beaufort's bicycle ordinance does not conflict with any state statute, it is valid. We therefore hold the trial judge committed no error in charging the ordinance to the jury.

Affirmed.

SHAW and BELL, JJ., concur.