803 S.E.2d 316

**COUNTY OF CHARLESTON, South Carolina, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Respondent.**

Appellate Case No. 2015-001309
Opinion No. Op. 5495

Court of Appeals of South Carolina.

Heard April 11, 2017
Filed July 12, 2017

Joseph Dawson, III, Bernard E. Ferrara, Jr., Austin Adams Bruner, and Johanna Serrano Gardner, all of the Charleston County Attorney's Office, of North Charleston, for Appellant.

Beacham O. Brooker, Jr., of Brooker Law Offices LLC, and Linda C. McDonald, of the South Carolina Department of Transportation, both of Columbia, for Respondent.

LOCKEMY, C.J.:

Charleston County (the County) appeals the circuit court's grant of summary judgment to the South Carolina Department of Transportation (the Department). The County argues the court erred in finding (1) the Department is exempt from complying with the Charleston County Zoning and Land Development Regulations Ordinance (the ZLDR), and (2) the ZLDR is an unconstitutional tax on the Department's maintenance of the state highway system. We affirm.

**FACTS/PROCEDURAL BACKGROUND**

The South Carolina Local Government Comprehensive Planning Enabling Act of 1994 (the Planning Act) authorizes local governments in South Carolina to adopt zoning ordinances to regulate land use within their jurisdictions. S.C. Code Ann § 6-29-710 (2004). On November 20, 2001, the Charleston County Council adopted the ZLDR to regulate land use in the unincorporated areas of the County pursuant to the Planning Act. Among other things, the Ordinance regulates tree removal and protection. The County determined:

Trees are an essential natural resource, an invaluable economic resource, and a priceless aesthetic resource. Trees play a critical role in purifying air and water, providing wildlife habitat, and enhancing natural drainage of storm water and sediment control. They also help conserve energy

by providing shade and shield against noise and glare. Trees promote commerce and tourism by buffering different land uses and beautifying the landscape. The Tree Protection and Preservation regulations of this Article are intended to enhance the health, safety and welfare of Charleston County citizens.

ZLDR § 9.4.1.

The ZLDR prohibits the removal of trees prior to the issuance of a zoning permit by the Planning Director. ZLDR § 9.4.2. The ZLDR provides a partial exemption for the Department, allowing it to remove trees without a zoning permit except for the following:

a. All trees species measuring 6 inches or greater DBH[1] located in right-of-ways along Scenic Highways as designated in this Ordinance shall be protected and require a variance from the Charleston County Board of Zoning Appeals for removal per Article 9.4.5.B and 9.4.6.

b. Grand Tree Live Oak species in all present and proposed right-of-ways and easements shall be protected and require a variance from the Charleston County Board of Zoning Appeals for removal per Article 9.4.5.B and 9.4.6.

c. All Grand Trees other than Live Oak species in all present and proposed right-of-ways and easements not located on a Scenic Highway are protected but may be permitted to be removed administratively when mitigated per Article 9.4.6.

ZLDR § 9.4.1.B.3.

On July 18, 2012, the County sent the Department a Notice of Tree Violation for removing three Grand Trees measuring twenty-four inches or greater DBH on Maybank Highway without a permit in violation of the ZLDR. The Notice required the Department to either replace the trees or donate money to the Charleston County Tree Fund.

On August 31, 2012, the Department responded by letter refusing to comply with the ZLDR on the grounds that zoning ordinances that conflict with a state agency's authority are

---

1. Diameter Breast Height.

void under the South Carolina Constitution.[2] The Department asserted the County had no legal authority to order the Department to comply with its local tree ordinances in regard to maintenance work within the state highway system. The Department stated the removal of the trees within the Maybank Highway right-of-way was necessary for maintenance purposes and for the safety of the traveling public.

On October 27, 2014, the County filed a declaratory judgment action asking the circuit court to declare the Department is not exempt from the regulatory provisions of the Planning Act or the ZLDR when performing highway maintenance in the County. In response, the Department argued the application of the ZLDR to the Department's removal of trees within the state highway system violates the South Carolina Constitution. The Department asserted its maintenance of the state highway system is a governmental service that has been delegated to the Department pursuant to Sections 57-1-30, 57-1-110(1), and 57-5-10 of the South Carolina Code (2006 & Supp. 2016) and requires statewide uniformity.

In early 2015, the Department and the County filed cross-motions for summary judgment. The circuit court denied the County's motion and granted the Department's motion, finding (1) the Department is exempt from complying with the ZLDR pursuant to the South Carolina Constitution, and (2) the ZLDR is an unconstitutional tax on the Department's maintenance of the state highway system. This appeal followed.

**STANDARD OF REVIEW**

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "When determining if any triable issues of fact exist, the evidence and

---

2. Article VIII, section 14 of the South Carolina Constitution prohibits local governments from enacting ordinances that set aside the administration of a governmental service that has been delegated to state government and requires statewide uniformity.

all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860.

## LAW/ANALYSIS

### I. Constitutional Issue

The County argues the circuit court erred in finding the Department is exempt from complying with the ZLDR pursuant to the South Carolina Constitution. We disagree.

The South Carolina Constitution provides:

In enacting provisions required or authorized by this article, general law provisions applicable to the following matters shall not be set aside: . . . (6) the structure and the administration of any governmental service or function, responsibility for which rests with the State government or which requires statewide uniformity.

S.C. Const. art. VIII, § 14.

The legislature determined the Department has a duty to construct and maintain the state highway system in a safe and serviceable condition. S.C. Code Ann. § 57-5-10 (Supp. 2016). In addition, the Department has exclusive authority to establish design criteria, construction specifications, and standards required to construct and maintain highways and bridges. S.C. Code Ann. § 57-3-110(1) (2006).

The County argues these two statutory provisions do not create a tree protection and preservation exemption for the Department. It further notes these statutes do not require statewide uniformity of protection and preservation of trees along its highways. The County maintains no state law gives the Department exclusive authority over tree protection and removal, and pursuant to section 6-29-770(A) of the South Carolina Code (2004), "[a]gencies, departments and subdivisions of this State that use real property, as owner or tenant, within any county or municipality in this State are subject to the zoning ordinances." The County asserts the ZLDR does not place any prohibition on the Department's maintenance of state highways and notes the ZLDR specifically allows for the removal of trees if they pose a safety hazard. *See* ZLDR § 9.4.5.A.3 (providing tree removal permits may be issued where "[t]rees pose an imminent safety hazard to nearby buildings, or pedestrian or vehicular traffic (as determined by the Planning Director or a qualified arborist)").

The Department does not contest that it is subject to all local zoning ordinances as owner or tenant of real property. However, the Department asserts the maintenance and operation of the state highway system, including tree removal, is a service or function—not ownership of real property. The Department contends that with respect to the state highway system, it is entitled to the exemption contained in article VIII, section 14 of the Constitution as a governmental service or function. The Department argues it has exclusive authority over the state highway system and zoning ordinances which conflict with this authority are void.

We find the Department is exempt from complying with the ZLDR because the ZLDR attempts to limit the Department's exclusive authority to construct and maintain a uniform state highway system. *See* S.C. Const. art. VIII. § 14. (stating municipalities have no authority to set aside "the structure and the administration of any governmental service or function, responsibility for which rests with the State government or which requires statewide uniformity"); *Town of Hilton Head Island v. Coal. of Expressway Opponents*, 307 S.C. 449, 456, 415 S.E.2d 801, 805 (1992) ("The planning, construction, and financing of state roads is a governmental service which requires statewide uniformity."); *Brashier v. S.C. Dep't of Transp.*, 327 S.C. 179, 185, 490 S.E.2d 8, 11 (1997) ("When construing [a]rticle VIII, section 14, this [c]ourt has consistently held a subject requiring statewide uniformity is effectively withdrawn from the field of local concern."). We note that allowing municipalities to control state highway design and maintenance could lead to varied safety standards across the state and jeopardize the safety of the traveling public.

According to the Department, roadside vegetation management is one of the many factors considered in highway design. Decisions to remove or retain trees along state highways are given careful consideration in highway design and maintenance based upon well-settled engineering standards. Here, the Department determined the trees at issue were a hazard to the traveling public. This determination is a responsibility that rests with the Department, as it has exclusive authority over the state highway system, and any ordinances which conflict with this authority are void. *See Colyer v. Thomas*, 268

S.C. 455, 458, 234 S.E.2d 862, 863 (1977) ("It is well settled that where there is a conflict between a State statute and city ordinance, as where an ordinance permits that which a statute prohibits, the ordinance is void.").

Thus, the circuit court did not err in finding that with respect to the state highway system, the Department is entitled to the exemption found in article VIII, section 14 of the Constitution as a governmental service or function which requires statewide uniformity; accordingly, we affirm the circuit court's grant of summary judgment to the Department.

## II. Tax Issue

The County argues the circuit court erred in finding the ZLDR is an unconstitutional tax on the Department's maintenance of the state highway system. In light of our disposition of this case on the grounds discussed above, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

## CONCLUSION

The circuit court's grant of summary judgment to the Department is

**AFFIRMED.**

HUFF and THOMAS, JJ., concur.