553 S.E.2d 484

John E. McKEOWN and Quick Food, Inc,
d/b/a Steak and Play, Respondent,

v.

CHARLESTON COUNTY BOARD OF ZONING APPEAL,
and Charleston County, Appellants.

No. 3390.

Court of Appeals of South Carolina.

Submitted June 4, 2001.
Decided Sept. 17, 2001.

County Attorney Samuel W. Howell, IV, and Deputy County Attorney Joseph Dawson, III, both of Charleston, for appellants.

James M. Griffin, of Columbia, for respondent.

CONNOR, Judge:

This appeal involves the enforcement of a local zoning ordinance. The Charleston County Zoning Board of Appeals (the "Board") denied a special exception request to serve alcohol by the Steak and Play restaurant. The circuit court reversed because the South Carolina Department of Revenue had already issued a beer and wine permit. The Board appeals. We reverse.

## FACTS/PROCEDURAL BACKGROUND

John McKeown and Quick Foods, Inc. ("Respondents"), do business as the "Steak and Play" located at 2284 Savannah

Highway, Charleston, South Carolina. On February 23, 1999, the South Carolina Department of Revenue issued the business a "retail permit to sell beer and wine for consumption on and off the premises." The County of Charleston, however, refused to issue a certificate of occupancy because Quick Foods, Inc., had not received a special exception from the Board of Zoning Appeals to sell beer and wine at this location. The County thereafter granted Respondents a certificate of occupancy provided beer and wine not be sold until such time as Respondents applied for and received a special exception from the Board.

The Respondents appealed to the Board for a special exception and a hearing was held on July 19, 1999. The Board denied the special exception request. Thereafter, by letter dated July 29, 1999, the Board explained:

After careful review of the exhibits and testimony presented, the Board ruled to DENY your request for a Special Exception. The Board determined that the proposed use would be contrary to the neighborhood's interest and would adversely affect other property in the vicinity. It was determined that the proposed use would not be in harmony with existing uses in the area such as churches, one of which is located 240 feet north of the subject property, and residentially zoned property which abuts the subject parcel to the north.

The Board relied on Article 6.2.16 of the Charleston County Unified Development Ordinance for its decision. This subsection states:

§ 16. RESTAURANTS, BARS AND LOUNGES SERVING ALCOHOLIC BEVERAGES

All proposed bars, lounges and restaurants serving beer or alcoholic beverages located within 500 feet of the property line of a lot in a residential zoning district or a lot containing a residential use shall require review and approval in accordance with the Special Exception procedures of Art. 3.6. Proposed eating/drinking establishments located more than 500 feet from the property line of a lot in a residential zoning district or a lot containing a residential use shall be allowed by-right. Distances shall be measured from the nearest property line of the subject parcel to the nearest

property line of a lot containing a residential use or located in a residential zoning district.

The Steak and Play is located in a commercial zoning district; however, the business is adjacent to vacant property zoned residential. The Board heard testimony that the residential lots were less than 300 feet away and that the building itself is located approximately 100 feet from at least one property line of a lot zoned residential. Several residents living outside the 500 foot distance referenced in the ordinance protested the special exception request. Likewise, the Pastor at the nearby Charlestowne Baptist Temple testified:

> [The church] is approximately 379 feet to the front of that building. State laws say 500 feet right there, and the last 7 or 8 years, we have kept liquor stores from going in there.... We don't want to see any place up there that serves liquor and beer.

Respondents appealed the Board's order. A hearing in the circuit court was held on November 29, 1999. Thereafter, on December 28, 1999, the circuit court judge filed his order vacating the Board's decision. The circuit court judge found the local ordinance criminalized an otherwise legal activity in this State and "[b]ecause there is an irreconcilable conflict between [the Board's actions and State law] the decision made by the Department of Revenue applying [S]tate law must prevail." Therefore, the judge concluded the "Charleston County Board of Zoning Appeals and Charleston County are permanently enjoined from enforcing Article 6.2.16 against the Petitioners at its business located at 2284 Savannah Highway, Charleston, South Carolina." The Board appeals.

## ISSUES

1. Does Article 6.2.16 of the Charleston County Unified Development Ordinance directly conflict with the state laws applied by the South Carolina Department of Revenue for issuing the Steak and Play's alcohol permit?

2. Does Article 6.2.16 of the Charleston County Unified Development Ordinance criminalize or prohibit conduct that is specifically authorized under State law?

## DISCUSSION

### I.

The Board argues its ordinance is not in direct conflict with State law applied by the Department of Revenue when issuing permits.

■ "Determining whether a local ordinance is valid is a two-step process. The first step is to determine whether the [county] had the power to adopt the ordinance. If no power existed, the ordinance is invalid. If the [county] had the power to enact the ordinance, the second step is to determine whether the ordinance is consistent with the Constitution and general law of the State." *Bugsy's, Inc. v. City of Myrtle Beach*, 340 S.C. 87, 93, 530 S.E.2d 890, 893 (2000); *accord Diamonds v. Greenville County*, 325 S.C. 154, 156, 480 S.E.2d 718, 719 (1997) (discussing analysis of validity of county ordinances).

■ Respondents have not challenged the County's power to adopt the ordinance. In any event, Charleston County is specifically authorized to regulate land uses and to promote "the public welfare in any other regard specified." S.C.Code Ann. § 6–29–710(A)(5) & (8) (Supp.2000). Because the County had the authority to enact its ordinance, we next must examine whether the ordinance is consistent with State law.

> Where an ordinance is not preempted by State law, the ordinance is valid if there is no conflict with State law. In order for there to be a conflict between a State law and a municipal ordinance, both must contain either express or implied conditions that are inconsistent and irreconcilable with each other. If either is silent where the other speaks, there is no conflict.

*Wrenn Bail Bond Serv., Inc. v. City of Hanahan*, 335 S.C. 26, 29, 515 S.E.2d 521, 522 (1999) (citation omitted). "As a general rule, 'additional regulation to that of [the] State law does not constitute a conflict therewith.'" *Town of Hilton Head Island v. Fine Liquors, Ltd.*, 302 S.C. 550, 553, 397 S.E.2d 662, 664 (1990) (quoting *Arnold v. City of Spartanburg*, 201 S.C. 523, 536, 23 S.E.2d 735, 740 (1943)); *see* S.C.Code Ann. § 6–29–960 (Supp.2000) (setting forth provisions for de-

termining whether local zoning regulations or State law prevail when restrictions differ).

The Department of Revenue "has sole and exclusive power to issue all licenses, permits, and certificates" relating to beer and wine. S.C.Code Ann. § 61–2–70 (Supp.2000). Before beer and wine permits are issued, several statutory requirements must be satisfied by the applicant, including the following:

No permit authorizing the sale of beer or wine may be issued unless:

(6) The location of the proposed place of business of the applicant is in the opinion of the [Department of Revenue] a proper one.

(7) The [Department of Revenue] may consider, among other factors, as indications of unsuitable location, the proximity to residences, schools, playgrounds, and churches.

S.C.Code Ann. § 61–4–520 (Supp.2000).[1]

The authority conferred on the Department of Revenue, however, is limited to the issuance and enforcement of licensing. In *Town of Hilton Head Island v. Fine Liquors, Ltd.,* the liquor store argued a local ordinance prohibiting the use of internally illuminated signs which were visible from any public right of way or beach was in direct conflict with the state statutory provision empowering only the South Carolina Alcohol Beverage Control Commission to regulate the operation of all retail liquor stores in the State. However, our Supreme Court found the store's contention was without merit because the statute was silent on the issue of illumination. The Supreme Court did "not interpret the language of the statute as diminishing the power conferred upon local governments to regulate *land use." Fine Liquors,* 302 S.C. at 552, 397 S.E.2d at 663 (emphasis added). The Supreme Court explained:

[I]n order for there to be a conflict between a state statute and a municipal ordinance "both must contain either express

---

1. The circuit court order and the parties' briefs refer interchangeably to Chapter 4, sections 61–4–10 to –1770 (entitled Beer, Ale, Porter, and Wine) and Chapter 6, sections 61–6–10 to –4720 (entitled Alcoholic Beverage Control Act) of Title 61. Because the permit at issue in this case is for the sale of beer and wine only, sections 61–4–500 to –620 control the application for the permit. S.C.Code Ann. §§ 61–4–500 to – 620 (Supp.2000).

or implied conditions which are inconsistent or irreconcilable with each other. Mere differences in detail do not render them conflicting. If either is silent where the other speaks, there can be no conflict between them. Where no conflict exists, both laws stand."

*Id.* at 553, 397 S.E.2d at 664 (quoting *McAbee v. Southern Ry.*, 166 S.C. 166, 169–70, 164 S.E. 444, 445 (1932)).

■ Here, Charleston County's zoning ordinance prohibits establishments that serve beer or alcoholic beverages from locating within 500 feet of residential areas. The statutes under which the Department grants permits for the sale of beer and wine, specifically section 61–4–520, merely allows, but does not require, the consideration of "proximity to residences, schools, playgrounds, and churches." In regard to specific restrictions on distance from residential areas, the County's ordinance clearly speaks where State law is silent. The County's ordinance does not contain express conditions which are either inconsistent with or irreconcilable with State law. Because there is no conflict between State law and the County's ordinance, the ordinance is valid.

## II.

Respondents argue the County ordinance criminalizes legal conduct within this State.

■ Local governments may not criminalize conduct that is legal under a statewide criminal law. *Martin v. Condon*, 324 S.C. 183, 188, 478 S.E.2d 272, 274 (1996); *see Connor v. Town of Hilton Head Island*, 314 S.C. 251, 254, 442 S.E.2d 608, 609 (1994) (holding a municipality may not prohibit conduct that is not unlawful under State criminal laws governing the same subject). Enforcement of the local ordinance, however, applies to land use restrictions, not licensing. We follow the reasoning of our Supreme Court in *Bugsy's, Inc. v. City of Myrtle Beach*, wherein it explained:

Although [Myrtle Beach] Ordinance 96–56 provides criminal penalties for its violation, it does not criminalize the operation of video game machines. *It merely provides criminal penalties for violation of provisions of the zoning ordinance. So long as businesses comply with the requirements of the zoning ordinance, they can operate video game*

*machines.* Accordingly, unlike *Martin [v. Condon* ], Ordinance 96–56 does not criminalize activity which is legal statewide.

*Bugsy's,* 340 S.C. at 96, 530 S.E.2d at 894–95 (footnote omitted; emphasis added). In this case, the County has not criminalized a class of conduct in Charleston County; rather, through its regulation of land use, it has prohibited businesses from selling beer and alcoholic beverages within 500 feet of residential areas. Although its zoning ordinances may impact businesses desiring to sell beer and alcoholic beverages, the County has not criminalized activity which is legal statewide.

## CONCLUSION

The Charleston County zoning ordinance Article 6.2.16 merely restricts land use within the municipality. It does not criminalize or directly conflict with the state licensing provisions applied by the Department of Revenue for issuing beer and wine sales permits throughout the State. Because the enforcement of its ·ordinance through the denial of Respondent's special exception request was properly authorized and exercised by the Board, the decision of the circuit court is

**REVERSED.**

HEARN, C.J. and GOOLSBY, J., concur.