670 S.E.2d 371

**LANCASTER COUNTY BAR ASSOCIATION, Petitioner,**

v.

**SOUTH CAROLINA COMMISSION ON INDIGENT DEFENSE, Respondent.**

No. 26568.

Supreme Court of South Carolina.

Heard Oct. 9, 2008.

Decided Dec. 8, 2008.

Francis L. Bell, Jr. and Mitchell A. Norrell, both of Lancaster, for Petitioner.

James Hugh Ryan, III, of Columbia, for Respondent.

PER CURIAM:

We granted petitioner Lancaster County Bar Association's (Lancaster Bar) request to hear this petition for mandamus and for injunction in our original jurisdiction. At issue is whether respondent's (Indigent Defense) construction of S.C.Code Ann. § 17–3–510(A) (Supp.2007), which determines the membership of each circuit's Circuit Public Defender Selection Panel, is correct. We find that it is, and deny Lancaster Bar's request for relief.

## FACTS

The Sixth Judicial Circuit is composed of three counties: Chester, Fairfield, and Lancaster, and its Circuit Public Defender Selection Panel will have five members. § 17–3–510(A). Indigent Defense proposes to allocate the five members of the Sixth Judicial Circuit's Selection Panel as follows: 2 from Lancaster County, 2 from Chester County and 1 from Fairfield County. The Lancaster Bar challenges Indigent Defense's method of calculating the positions, contending that under the statutory formula the correct distribution is: 3 members from Lancaster and 1 each from Chester and Fairfield.

## ISSUE

Whether Indigent Defense has properly construed § 17–3–510(A)(1)?

## ANALYSIS

■ Section 17–3–510(A) provides:

(A) There is created in each judicial circuit in the State a Circuit Public Defender Selection Panel, the membership of which is composed of, and must be elected by, the active, licensed attorneys who reside within the counties of each judicial circuit. Each county in each judicial circuit must be represented by at least one member and the remaining

members must be determined by equal weighting of county population based on the most recent decennial census and the most recent annual county appropriations to public defender operations according to the following formula:

(1) percentage of distribution of population plus the percentage of distribution of appropriations for public defender operations divided by two and rounded to the nearest whole number;

(2) the weighted values of each county multiplied by the number of remaining members in each Circuit Public Defender Selection Panel determines the number of additional members each county must have on the panel.

Judicial circuits with three or less counties must have five members. Judicial circuits with four counties must have seven members. Judicial circuits with five counties must have nine members.

After assigning one seat to each county in the Sixth Circuit, two seats must be allocated under the statute's formula.

Lancaster Bar asks the Court to enjoin Indigent Defense from utilizing its interpretation of the statutory formula in § 17–3–510(A)(1) and to mandamus Indigent Defense to use the Lancaster Bar's interpretation instead.

The parties agree on the percentages to be used under the formula, and the method of calculation for the first two steps of the statute:

|  | Chester | Fairfield | Lancaster |
|---|---|---|---|
| Population: plus | 28.7 | 19.7 | 51.6 |
| Appropriations: equals | 25.2 | 19.6 | 55.2 |
| divided by 2: | 26.95 | 18.65 | 53.4 |

While both parties agree to this point, they disagree on the meaning of the requirement of § 17–3–510(A)(1) that following the division of the combined percentage by two, the result be "rounded to the nearest whole number." Indigent Defense contends that this phrase requires that the percentages be rounded to the nearest whole number, thus Chester becomes 27, Fairfield 19, and Lancaster 53. Lancaster Bar contends, however, that the requirement that after the percentage for each county is obtained, it must be rounded to the next whole number results in the following: Chester 0; Fairfield 0;

Lancaster 1.[1]

Although poorly articulated in the statute, we hold that Indigent Defense's interpretation of the statute is correct. If its view were not correct, then in any circuit in which one county has more than 50% of the combined population and funding, that county would automatically get all the "at large" members because the majority county's percentage would round up to 1, and all other counties in the circuit would round down to 0. Conversely, in any circuit where no county dominates,[2] then all counties will have percentages less than 50%, which under the Lancaster Bar's theory must be rounded down to 0. Under this interpretation, the "at large" members of the Circuit Panel could not be assigned since 0 times the number of "at large" members will always equal 0. To read the statute other than as Indigent Defense has would be to rewrite it to read: In any circuit where one county has more than 50% of the population and funding, it receives all the "at large" members. In any circuit where no county has at least 50% of the population and funding, then no "at large" members will be selected.

■ In construing a statute, this Court will reject an interpretation when such an interpretation leads to an absurd result that could not have been intended by the legislature. *Auto Owners Ins. Co. v. Rollison*, 378 S.C. 600, 663 S.E.2d 484 (2008). Since to read the statute any way other than has Indigent Defense leads to an absurd result, we hold that Indigent Defense has correctly interpreted § 17–3–510(A)(1). Accordingly, we deny Lancaster Bar's request for mandamus and injunction relief.

## CONCLUSION

The petition for mandamus and for an injunction is
**DENIED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

1. That is, Lancaster Bar first converts the percentages to decimals, and then rounds the decimal to the nearest whole number. Thus, .543 becomes 1 while .2695 and .1865 are rounded down to 0.

2. E.g., the Fourth and the Eighth Circuits.