725 S.E.2d 704

**Michael ANDERSON and Robert Barger, Plaintiffs,**

v.

**SOUTH CAROLINA ELECTION COMMISSION; Marci Andino, as Executive Director and as a representative of the South Carolina State Election Commission; South Carolina Democratic Party; Richard A. Harpootlian, as Chair of the Executive Committee of and as a representative of the South Carolina Democratic Party; South Carolina Republican Party; Chad Connelly, as Chair of the Executive Committee of and as a representative of the South Carolina Republican Party; Lexington County Commission of Registration and Elections; Dean Crepes, as Director of and as a representative of the Lexington County Commission of Registration and Elections; Lexington County Democratic Party; Kathy Hensley, as Chair of and as a representative of the Lexington County Democratic Party; Lexington County Republican Party; Steven Isom, as Chair of and a representative of the Executive Committee of the Lexington County Republican Party, Defendants.**

**No. 27120.**

Supreme Court of South Carolina.

Heard May 1, 2012.

Decided May 2, 2012.

552

Tracey Colton Green and Benjamin Parker Mustian, of Willoughby & Hoefer, PA, of Columbia, for Plaintiffs.

M. Elizabeth Crum, Ariail B. Kirk, and Amber B. Martella, all of McNair Law Firm, PA, of Columbia, for Defendants

South Carolina State Election Commission and Marci Andino; Richard A. Harpootlian and Christopher P. Kenney, both of Richard A. Harpootlian, PA, of Columbia, for Defendants South Carolina Democratic Party, Richard A. Harpootlian, Lexington County Democratic Party, and Kathy Hensley; Kevin A. Hall, Karl S. Bowers, Jr., and M. Todd Carroll, all of Womble Carlyle Sandridge & Rice, LLP, of Columbia, for Defendants South Carolina Republican Party, Chad Connelly, Lexington County Republican Party, and Steven Isom; Jeffrey M. Anderson, of Davis, Frawley, Anderson, McCauley, Ayer, Fisher & Smith, LLC, of Lexington, for Defendants Lexington County Commission of Registration and Elections and Dean Crepes.

PER CURIAM.

This is a matter in the Court's original jurisdiction seeking declaratory relief in connection with a dispute as to the requirements for a candidate's name to properly appear on a primary election ballot. We are asked to construe the meaning of S.C.Code Ann. § 8–13–1356 (Supp.2011), which provides that "[a] candidate must file a statement of economic interests for the preceding calendar year at the same time and with the same official with whom the candidate files a declaration of candidacy or petition for nomination." Under longstanding rules of statutory construction, we find the statute means what it says. Accordingly, we grant declaratory relief to plaintiffs.

We grant declaratory relief as follows: (1) that individuals not exempt who are seeking nomination by political party primary to be a candidate for office must file a Statement of Economic Interest (SEI) at the same time and with the same official with whom the individuals file a Statement of Intention of Candidacy (SIC); (2) that an official authorized to receive SICs may not accept the forms unless they are accompanied by an SEI; (3) that an individual who did not file an SEI at the same time and with the same official with whom the individual filed an SIC should not appear on the party primary election ballot or the general election ballot; and (4) that the Lexington County Democratic Party, the Lexington County Republican Party, the South Carolina Democratic Party, and the South Carolina Republican Party (political parties) unlawfully certified individuals seeking nomination by political party

primary who did not file an SEI at the same time and with the same official with whom the individual filed an SIC.

The State Election Commission and the Lexington County Commission of Registration and Elections have filed cross-claims asking that the political parties: (1) provide the State Election Commission and the appropriate county election commissions by May 4, 2012 with a list of certified candidates who filed an SEI at the same time and with the same official with whom they filed an SIC; and (2) reimburse the State Election Commission and the appropriate county election commissions for the additional costs which will be incurred in revising the ballot databases and audio files to reflect the corrected list of certified candidates. We grant relief as to the May 4, 2012 deadline but decline to resolve the requests for costs at this time.

## SUBJECT MATTER JURISDICTION

 The Republican Party claims this Court lacks subject matter jurisdiction over the legislative races because the General Assembly has exclusive authority over disputes involving legislative elections. South Carolina Const. art. III, § 11 provides, "Each house shall judge of the election returns and qualifications of its own members." Accordingly, this Court has declined to opine on issues where the Constitution delegates authority to the General Assembly. *South Carolina Public Interest Found. v. Judicial Merit Selection Comm'n,* 369 S.C. 139, 632 S.E.2d 277 (2006). Here we are not asked to judge a disputed legislative election but rather to interpret a statute. The construction of a statute is a judicial function and responsibility. *JRS Builders, Inc. v. Neunsinger,* 364 S.C. 596, 614 S.E.2d 629 (2005). Accordingly, we reject the argument that this Court lacks subject matter jurisdiction in this case.

## JUSTICIABILITY

 There is a question of whether this dispute is ripe for review, as no harm has been incurred because an unqualified candidate has not been elected. This issue is ripe for judicial determination. Absent relief, plaintiffs, as voters, face the substantial likelihood that they will be presented with a slate of candidates, of whom one or more may not be certified after

the election. This is a matter of great public importance. Integrity in elections is foundational. It is that recognition of the importance of the integrity of public elections that leads us to grant relief at this time. We acknowledge that S.C.Code Ann. § 8–13–1356(E) (Supp.2011) contemplates a post-primary election remedy prohibiting a person whose name inadvertently appears on the ballot from being certified as a candidate for the general election. However, we discern no legislative intent that such remedy is exclusive. Where there exists the substantial likelihood that the respective political parties have erroneously certified candidates for inclusion on the primary ballot, by requiring compliance with the law now, we avoid the greater chaos and multiple challenges that would inevitably follow the party primary elections. Moreover, § 8–13–1356(E) envisions only the occasional situation where "the candidate's name **inadvertently** appears on the ballot ..." (emphasis added). We are confronted not with the prospect of a single candidate's name appearing on a ballot "inadvertently," but with systemic failure of the political parties to follow the law. The effect of the political parties ignoring their statutory gatekeeping role is the prospect of the inclusion of many candidates on the ballot who did not comply with the statutory requirements. Accordingly, we grant relief to require compliance with the law and ensure that only legally qualified candidates are included on the ballots.

## STATUTORY CONSTRUCTION

The primary rule of statutory construction is to ascertain and give effect to the intent of the General Assembly. *Beaufort Cnty. v. S.C. State Election Comm'n,* 395 S.C. 366, 718 S.E.2d 432 (2011). In construing statutory language, the statute must be read as a whole, and sections which are a part of the same general statutory law must be construed together and each one given effect. *Id.; Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000). Unless there is something in the statute requiring a different interpretation, the words used in a statute must be given their ordinary meaning. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 476 S.E.2d 690 (1996). When a statute's terms are clear and unambiguous on their face, there is no room for statutory

construction and a court must apply the statute according to its literal meaning. *Id.*

South Carolina Code Ann. § 8–13–1356(B) states a non-exempt candidate must file an SEI for the preceding calendar year "at the same time and with the same official with whom the candidate files a declaration of candidacy or petition for nomination." To comply with that section, an individual must file an SEI with the appropriate political party. Section 8–13–1356(E) provides that an officer authorized to receive declarations of candidacy and petitions for nominations may not accept an SIC unless it is accompanied by an SEI.

■ Section 8–13–1356(B) unambiguously mandates that an individual file an SEI at the same time and with the same official with whom the individual files an SIC. This requirement is buttressed by the unambiguous prohibition against a political party accepting an SIC unless it is accompanied by an SEI.

We reject the argument of the South Carolina Republican Party that S.C.Code Ann. § 7–11–15(3) (Supp.2011), which provides that an individual's name must appear on the ballot if the individual produces a signed and dated copy of a timely filed SIC, is irreconcilably in conflict with § 8–13–1356. Instead, we hold, as recognized by the remaining parties in this action, that these two statutes may be harmonized. Section 7–11–15(3) sets forth the requirements for an individual's name to appear on the ballot "except as otherwise provided by law." Section 8–13–1356(E) expressly references Chapter 11 of Title 7 and prohibits a political party from accepting an SIC for filing if it is not accompanied by an SEI. Therefore, an individual who fails to provide an SEI to the political party when filing an SIC would not have a timely filed SIC. We decline to ignore the "except as otherwise provided by law" language of § 7–11–15(3) and the clear mandate the General Assembly imposed in § 8–13–1356(E) when the statutes are easily reconciled.

■ The Democratic Party additionally directs our attention to S.C.Code Ann. § 8–13–365 (Supp.2011), requiring that the SEI be filed electronically, which is done on the State Ethics Commission's website. However, this statute is not part of the process that qualifies an individual for inclusion on

the ballot. Similarly, while S.C.Code Ann. § 8–13–1170(B) (Supp.2011) provides that extensions of time for electronic filing of an SEI with the State Ethics Commission may be granted, that also does not concern ballot requirements. Accordingly, we reject the argument by the Democratic Party that the requirement of § 8–13–1356(B) may be alternatively satisfied by filing an SEI electronically with the State Ethics Commission. Filing an SEI with the State Ethics Commission cannot excuse noncompliance with § 8–13–1356(B).

■■■ The Republican Party contends that § 8–13–1356 impermissibly adds qualifications for an individual to serve in the General Assembly. In particular, it argues that S.C. Const. art. III, § 7 sets forth the only qualifications for service, and § 8–13–1356, therefore, cannot raise the bar. However, § 8–13–1356 does not alter the qualifications for one to serve as a legislator. Instead, it merely delineates filing requirements to appear on a ballot. We, therefore, reject this argument.

Because the statutes at issue, when given their plain and ordinary meaning, can each be given effect without doing harm to the other, "the rules of statutory interpretation are not needed and the [C]ourt has no right to impose another meaning." *See Hodges v. Rainey, supra.* We hold the unambiguous language and expression of legislative intent of § 8–13–1356(B) and (E) require an individual to file an SEI at the same time and with the same official with whom an SIC is filed, and prohibit political party officials from accepting an SIC which is not accompanied by an SEI. Accordingly, the names of any non-exempt individuals who did not file with the appropriate political party an SEI simultaneously with an SIC were improperly placed on the party primary ballots and must be removed. We direct the appropriate official of the political parties to file with the State Election Commission or the appropriate county election commission, by noon on May 4, 2012, a list of only those non-exempt candidates who simultaneously filed an SEI and an SIC as required by § 8–13–1356(B). This Court's injunction issued April 20, 2012, is hereby lifted.

We fully appreciate the consequences of our decision, as lives have been disrupted and political aspirations put on hold. However, the conduct of the political parties in their failure to

follow the clear and unmistakable directives of the General Assembly has brought us to this point. Sidestepping the issue now would only delay the inevitable.

In order to expedite a resolution of this matter of public importance, we do not reach the cross-claims of the State Election Commission and the Lexington County Commission of Registration and Elections for reimbursement of the costs of revisions to the ballot databases and audio files. This is without prejudice to the right of the commissions to resubmit requests for reimbursement once the applicable costs are known and ascertained.

Finally, while a petition for rehearing is normally due within fifteen days after the filing of an opinion under Rule 221(a), SCACR, because of the urgency of this matter, any petition for rehearing must be received by this Court by 10:00 a.m. on May 3, 2012.

**JUDGMENT FOR PLAINTIFFS.**