727 S.E.2d 418

**FLORENCE COUNTY DEMOCRATIC PARTY; Sheila C. Gallagher, as Chairwoman of and as a Representative of the Florence County Democratic Party, and in her Individual Capacity as a Registered Voter of Florence County, Plaintiffs,**

v.

**FLORENCE COUNTY REPUBLICAN PARTY, William "Bill" Pickle, as Chairman of the Florence County Republican Party and as a Representative of the Florence County Republican Party; Florence County Election Commission, David Alford, as Director of the Florence County Election Commission; South Carolina State Election Commission, Marci Andino, as Executive Director of the South Carolina State Election Commission and as a Representative of the South Carolina Election Commission, Defendants. Appellate Case No. 2012–211937.**

No. 27128.

Supreme Court of South Carolina.

Heard June 4, 2012.

Decided June 5, 2012.

Melvin Wayne Cockrell, III, and Jason B. Turnblad, of Cockrell Law Firm, P.C., of Chesterfield, for Plaintiffs.

Kevin A. Hall, Karl Smith Bowers, Jr., and M. Todd Carroll, all of Womble Carlyle Sandridge & Rice, LLP, of Columbia, for Defendants Florence County Republican Party and William "Bill" Pickle; D. Malloy McEachin, Jr., of McEachin & McEachin, P.A., of Florence, for Defendants Florence County Election Commission and David Alford; Mary Elizabeth Crum, Ariail Burnside Kirk, and Amber B. Martella, all of

McNair Law Firm, PA, of Columbia, for Defendants South Carolina State Election Commission and Marci Andino.

Robert E. Tyson, Jr., of Sowell Gray Stepp & Lafitte, LLC, of Columbia, for Amicus Curiae Frank Waggoner, Scott Estep, Jeff Harris, and Leigh Evans.

William B. von Herrman, of Conway, pro se, as Amicus Curiae.

John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Amicus Curiae Blake A. Hewitt.

PER CURIAM.

This is a matter in the Court's original jurisdiction seeking declaratory relief in connection with the alleged improper certification of certain candidates by the Florence County Republican Party (County Republicans) for the June 12, 2012, party primary. Plaintiffs and defendants Florence County Election Commission, David Alford, South Carolina State Election Commission, and Marci Andino contend these candidates were improperly certified because they failed to comply with the requirements for filing a Statement of Economic Interests (SEI) contained in S.C.Code Ann. § 8–13–1356 (Supp.2011), as interpreted by this Court in *Anderson v. S.C. Election Comm'n*, 397 S.C. 551, 725 S.E.2d 704 (2012). The County Republicans argue the candidates are exempt under § 8–13–1356(A) from the filing requirements of § 8–13–1356(B). We grant declaratory relief to plaintiffs and declare the County Republicans improperly construed the relevant statutory provisions to determine certain candidates were exempt from the requirements of § 8–13–1356(B).

In *Anderson*, this Court held § 8–13–1356 requires non-exempt candidates to file an SEI along with a Statement of Intention of Candidacy (SIC). In response to a request for rehearing and clarification, the Court clarified that filing a paper copy of an SEI simultaneously with the filing of an SIC is the **only** method by which a non-exempt individual can comply with § 8–13–1356.

The County Republicans admit that they certified individuals as candidates who did not comply with the filing requirements of § 8–13–1356(B), as construed by this Court in

*Anderson.* However, they contend that, because the term "candidate" is included in the definition of "public official," the candidates who filed their SEIs online prior to filing an SIC with the County Republicans had SEIs on file and were public officials who were exempt under § 8–13–1356(A) from filing paper copies of their SEIs with the political parties as required by § 8–13–1356(B). They argue the reasoning behind the definition of candidate in § 8–13–1300(4), which includes a person exploring whether or not to seek election, is to ban an individual from raising funds during an exploratory period without any of the statutory caps on campaign contributions or disclosure requirements. They contend the candidates they claim are exempt under § 8–13–1356(A) were public officials when they filed their SICs because they were exploring whether to seek office, and they had current SEIs on file at the time they filed their SICs.

According to the County Republicans, since *Anderson* only requires paper copies of an SEI to be filed by "non-exempt" individuals, and the individuals who failed to file SEIs along with their SICs were "exempt," *Anderson* does not apply to them.

Section 8–13–1356(A) exempts from its provisions requiring an SEI to be filed simultaneously with an SIC *"a public official* who has a current disclosure statement on file *with the appropriate supervisory office* pursuant to Sections 8–13–1110 or 8–13–1140." (emphasis added). "Public officials" are required, under S.C. Code Ann. §§ 8–13–1110(B) and –1140 (Supp.2011), to file an SEI with the appropriate supervisory office and update it annually no later than April 15th. Section 8–13–1300(28) defines a public official as "an elected or appointed official of the State, a county, a municipality or a political subdivision thereof, *including candidates for the office."* (emphasis added). Candidate is defined in § 8–13–1300(4) as "(a) a person who seeks appointment, nomination for election, or election to a statewide or local office, or authorizes or knowingly permits the collection or disbursement of money for the promotion of his candidacy or election; (b) a person who is exploring whether or not to seek election at the state or local level; or (c) a person on whose behalf write-in votes are solicited if the person has knowledge of such solicitation."

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 713 S.E.2d 278 (2011). The statutory language must be construed in light of the intended purpose of the statute. *Id.* This Court will not construe a statute in a way which leads to an absurd result or renders it meaningless. *See Lancaster Cnty. Bar Ass'n v. S.C. Comm'n on Indigent Defense*, 380 S.C. 219, 670 S.E.2d 371 (2008) (in construing a statute, this Court will reject an interpretation which leads to an absurd result that could not have been intended by the General Assembly); *Gordon v. Phillips Utils., Inc.*, 362 S.C. 403, 608 S.E.2d 425 (2005) (it is presumed that the General Assembly intended to accomplish something by its choice of words and would not do a futile thing); *Denene, Inc. v. City of Charleston*, 352 S.C. 208, 574 S.E.2d 196 (2002) (this Court must presume the General Assembly did not intend a futile act, but rather intended its statutes to accomplish something); *Hinton v. S.C. Dep't of Probation, Parole and Pardon Servs.*, 357 S.C. 327, 592 S.E.2d 335 (Ct.App.2004) (the Court should seek a construction that gives effect to every word of a statute rather than adopting an interpretation that renders a portion meaningless).

To construe the statutes in the manner suggested by the County Republicans would render § 8–13–1356 meaningless. The section sets forth specific provisions for candidates to file an SEI and is separate and distinct from the general statutory provisions for filing an SEI. *See Spectre, LLC v. S.C. Dep't of Health and Envtl. Control*, 386 S.C. 357, 688 S.E.2d 844 (2010) (where there is one statute addressing an issue in general terms and another statute dealing with the identical issue in a more specific and definite manner, the more specific statute will be considered an exception to, or a qualifier of, the general statute and given such effect). Indeed, the provisions of § 8–13–1110 requiring public officials to file an SEI with the appropriate supervisory authority are limited by the phrase "unless otherwise provided." Section 8–13–1356 provides otherwise. As decided by this Court in *Anderson*, § 8–13–1356 requires that a candidate must simultaneously file a copy of an SEI with an SIC unless the candidate already holds the office and has an SEI on file with the appropriate supervisory office. This Court's decision in *Anderson* is clear.

We note the argument that candidates are public officials who are exempt from the filing requirements of 8–13–1356 was not raised in *Anderson*, in the petition for rehearing in *Anderson*, or in the initial pleadings in this matter. Although the County Republicans were not parties in *Anderson*, they knew that, like all of the political parties in this State, they were bound by the decision in the case, yet they deliberately chose to disregard the Court's clear dictates. In their return to the petition for original jurisdiction, the County Republicans indicated they "carefully followed [the Court's] ruling" in *Anderson*. However, in response to a request by the Court to unequivocally assure the Court the candidates they certified all filed a paper copy of an SEI along with an SIC, the County Republicans admitted they certified candidates who did not do so. The voters in this State rely on the political parties to ensure that only those individuals who are qualified candidates appear on the party primary ballots. We are disappointed in the County Republicans for failing to diligently perform this duty and for presenting an inaccurate statement to this Court concerning their actions in certifying candidates for the party primary.

We reject the interpretation of the statutes urged by the County Republicans and hold those candidates who failed to file a paper copy of an SEI along with an SIC were improperly certified as candidates. We direct the County Republicans to file with this Court, the Florence County Election Commission, and the South Carolina State Election Commission, by 10:00 a.m. on June 6, 2012, a list of only those non-exempt candidates who simultaneously filed an SEI and an SIC with the County Republicans and a sworn statement that all of those candidates were properly certified as defined by the Court in *Anderson* and in this case. If the Florence County Election Commission is able to correct the ballots to remove all improperly certified candidates prior to the party primaries scheduled for June 12, 2012, it shall do so. If this task is not possible, signs shall be prepared and placed in all affected polling places setting forth the names of all improperly certified candidates who appear on the ballots and advising voters that a vote cast for any of the candidates will not be counted. All costs and expenses associated with amendments to the ballots or, if required, preparation and posting of signs shall

be borne by the County Republicans. The Florence County Election Commission is directed not to count any votes cast for an improperly certified candidate. In the event an improperly certified candidate is inadvertently left on the ballot after the required revisions, the political parties shall comply with § 8–13–1356(E) and shall not certify the candidate for the general election.

The Florence County Republican Party Primary is the only matter before this Court. Accordingly, we deny the requests by the *Amicus Curiae* to order relief in any other election. However, just as the Florence County political parties were bound by the decision in *Anderson*, this decision applies to the political party primaries throughout the State. To the extent other county political parties have improperly certified candidates, those parties ignore the decisions of this Court at their own peril.

Finally, while a petition for rehearing is normally due within fifteen days after the filing of an opinion under Rule 221(a), SCACR, because of the urgency of this matter, any petition for rehearing must be received by this Court by 9:00 a.m. on June 6, 2012.

**JUDGMENT FOR PLAINTIFF.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE, and HEARN, JJ., concur.