**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

MRR Pickens, LLC., Appellant,

v.

County of Pickens and William Cato, Weldon Clark, Robert Ballentine, Jo Johnston, Dennis Reinert, and Bob Young, individually and in their official capacity as appointed members of the Pickens County Planning Commission, Respondents.

Appellate Case No. 2016-000762

Appeal From Pickens County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2018-UP-320
Submitted June 1, 2018 – Filed July 11, 2018

**AFFIRMED**

Robert Fredrick Goings and Jessica Lee Gooding, of Goings Law Firm, LLC, and Jessica James Orrick King, of Williams Mullen, all of Columbia, and Allen Keith McAlister, Jr., of Connor & Connor, LLC, of Aiken, all for Appellant.

Gary W. Poliakoff, of Poliakoff & Assoc., PA, of Spartanburg, and Kenneth Roper, of Pickens, both for

Respondent County of Pickens.  Matthew Kinard Johnson, of Ogletree Deakins Nash Smoak & Stewart, PC, and Amy Miller Snyder, of Clawson & Staubes, LLC, both of Greenville, for Respondents William Cato, Weldon Clark, Robert Ballentine, Jo Johnston, Dennis Reinert, and Bob Young.

---

**PER CURIAM:**  MRR Pickens, LLC (MRR), moved for emergency injunctive relief against County of Pickens and William Cato, Weldon Clark, Robert Ballentine, Jo Johnston, Dennis Reinert, and Bob Young, individually and in their official capacities as appointed members of the Pickens County Planning Commission.  After a hearing, the trial court denied the motion and MRR's subsequent motions.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred in refusing to grant a preliminary injunction:[1]  *Wiedemann v. Town of Hilton Head Island,* 344 S.C. 233, 236, 542 S.E.2d 752, 753 (Ct. App. 2001) ("Actions for injunctive relief are equitable in nature.");  *Scratch Golf Co. v. Dunes W. Residential Golf Props., Inc.,* 361 S.C. 117, 120-21, 603 S.E.2d 905, 907 (2004) ("Upon review of an action in equity, [the appellate court] may make factual findings based on its own view of the preponderance of the evidence."); *Richland Cty. v. S.C. Dep't of Revenue*, 422 S.C. 292, 310, 811 S.E.2d 758, 767 (2018) ("To obtain an injunction, a party must demonstrate irreparable harm, a likelihood of success on the merits, and the absence of an adequate remedy at law." (quoting *Denman v. City of Columbia*, 387 S.C. 131, 140, 691 S.E.2d 465, 470 (2010))); *Scratch Golf Co.*, 361 S.C. at 121, 603 S.E.2d at 907 ("An injunction is a drastic remedy issued by the court in its discretion to prevent irreparable harm suffered by the plaintiff.");  *Powell v. Immanuel Baptist Church*, 261 S.C. 219, 221, 199 S.E.2d 60, 61 (1973) ("[T]he sole purpose of a temporary injunction is to preserve the status quo . . . .").

2.      As to whether the circuit court erred in refusing to consider after-discovered evidence:  *Bowman v. Bowman*, 357 S.C. 146, 151, 591 S.E.2d 654, 656 (Ct. App. 2004) ("The decision to grant or deny a motion under Rule 60(b)[, SCRCP] is within the sound discretion of the trial court." (citing *Coleman v. Dunlap*, 306 S.C. 491, 413 S.E.2d 15 (1992))); Rule 60(b)(2), SCRCP (providing relief from "a *final*

---

[1] We combine MRR's first and second issues.

judgment, order, or proceeding" for newly discovered evidence (emphasis added)); *Goodson v. Am. Bankers Ins. Co.*, 295 S.C. 400, 402, 368 S.E.2d 687, 689 (Ct. App. 1988) (stating "Rule 60(b)(1)[, SCRCP] applies to any *final* judgment" (emphasis added)). *See generally Lancaster Cty. Bar Ass'n v. S.C. Comm'n on Indigent Def.*, 380 S.C. 219, 222, 670 S.E.2d 371, 373 (2008) (stating the appellate court will reject a construction of a statute that leads to an absurd result not intended by the legislature).

**AFFIRMED.**[2]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.