**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Bucky Mock, Respondent-Appellant,

v.

Clarendon County Board of Voter Registration & Elections, Clarendon County Democratic Party, LaNette Samuels-Cooper, South Carolina Democratic Party, and South Carolina Election Commission, Defendants,

Of whom LaNette Samuels-Cooper is Appellant-Respondent.

And Clarendon County Board of Voter Registration & Elections, Clarendon County Democratic Party, South Carolina Democratic Party, and South Carolina Election Commission are Respondents.

Appellate Case No. 2018-001520

---

Appeal From Clarendon County
R. Ferrell Cothran, Jr., Circuit Court Judge

---

Memorandum Opinion No. 2018-MO-034
Submitted October 15, 2018 – Filed October 17, 2018

---

**AFFIRMED IN PART, DISMISSED AS MOOT IN PART**

---

Ronnie A. Sabb, Kimberly V. Barr, and Kimberly M. Hodge, all of Kingstree, for Appellant-Respondent.

Robert E. Tyson and Vordman Carlisle Traywick, III, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Respondent-Appellant.

Joseph O. Thickens and J. Eric Cavanaugh, both of Cavanaugh & Thickens, LLC., Harrison David Brant, all of Columbia; and Shaun C. Kent, of Kent Law Firm, of Manning, all for Respondent.

---

**PER CURIAM:** In this cross-appeal, both Appellant-Respondent LaNette Samuels-Cooper and Respondent-Appellant Bucky Mock appeal the circuit court's order finding Samuels-Cooper is not a qualified candidate for the office of coroner but that Mock is barred from contesting her qualifications because he failed to exhaust his administrative remedies.

Samuels-Cooper contends the circuit court should not have considered Mock's claim that she does not meet statutory qualifications and that the circuit court erred in finding she is not qualified. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 17-5-130(A)(2) (setting forth the education, training, and experience requirements for a person to be qualified to serve as coroner); *Anderson v. S.C. Election Comm'n*, 397 S.C. 551, 555, 725 S.E.2d 704, 706 (2012) (observing "[t]he construction of a statute is a judicial function").

Mock argues he was not required to exhaust administrative remedies and, alternatively, that doing so would have been futile. We dismiss Mock's notice of appeal as moot. *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy.") (citation omitted).

**AFFIRMED IN PART, DISMISSED AS MOOT IN PART.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**