**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Uuno Mattias Baum, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2016-001564

---

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

---

Unpublished Opinion No. 2019-UP-104
Submitted February 1, 2019 – Filed March 13, 2019

---

**REVERSED**

---

Uuno Mattias Baum, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:** Uuno Baum, pro se, appeals an administrative law court (ALC) order affirming the final decision of the South Carolina Department of Corrections (the Department). On appeal, Baum argues the ALC erred by affirming the Department's determination he was ineligible under section 24-3-40 of the South

Carolina Code (Supp. 2018) to designate persons or entities to receive immediate distributions of his escrowed wages. We reverse.[1]

Section 24-3-40 provides:

> (A) Unless otherwise provided by law, the employer of a prisoner authorized to work . . . under [the prison industries service program] . . . shall pay the prisoner's wages directly to the Department . . . .
>
> . . . .
>
> The Director of the Department . . . shall deduct the following amounts from the gross wages of the prisoner:
>
> . . . .
>
> (5) Ten percent must be held in an interest bearing escrow account *for the benefit of the prisoner*.
>
> . . . .
>
> (B) The Department . . . shall return a prisoner's wages held in escrow pursuant to subsection (A) as follows:
>
> . . . .
>
> (2) A prisoner serving life in prison . . . *shall be given the option* of having his escrowed wages included in his estate *or* distributed to the persons or entities of his choice.

§ 24-3-40(A)(5), (B)(2) (emphasis added).

We find the language in section 24-3-40 ambiguous and construe subsections (A)(5) and (B)(2) to allow for *either* immediate distribution of an inmate's escrowed wages to persons or entities of his choosing *or* inclusion of these assets in the distribution of his estate. *See Anderson v. S.C. Election Comm'n*, 397 S.C. 551, 556, 725 S.E.2d 704, 707 (2012) ("In construing statutory language, the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

statute must be read as a whole, and sections which are a part of the same general statutory law must be construed together and each one given effect.").  Subsection (B)(2) provides inmates serving life sentences *shall be given the option* to include their withheld wages in their estates *or* to distribute them to persons or entities of their choosing.  Further, subsection (A)(5) requires these wages be held in an escrow account *for the benefit of the prisoner*.  Because an inmate serving a life sentence will never receive the benefit of his wages outside of prison–unlike those who will be released during their lifetime–we find the Department's interpretation of section 24-3-40 arbitrary and capricious.  Accordingly, we reverse the ALC's construction of section 24-3-40 and find the Department erred by refusing Baum the option of designating persons or entities for immediate distribution of his escrowed wages.  *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2018) (providing that when the issue on appeal raises a question of law, this court may reverse the decision of the ALC when it violates a statutory provision or is affected by an error of law).[2]

**REVERSED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] Baum also contends the Department's interpretation of section 24-3-40 violates his constitutional rights under the Fifth and Fourteenth Amendments.  Because we are reversing the ALC's order above, we need not address this argument.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when determination of a prior issue is dispositive).